ome (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)




# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Search

## JELEN CARPIO VS NCL (BAHAMAS) LTD. ET AL

**Local Case Number:** 2018-013783-CA-01

**Filing Date:** 04/27/2018

**State Case Number:** 132018CA013783000001

**Case Type:** Other Negligence

**Consolidated Case No.:** N/A

**Judicial Section:** CA25

**Case Status:** OPEN

---

👥 **Parties**                                    Number of Parties: 4  ➕

---

🔨 **Hearing Details**                            Number of Hearing: 0  ➕

---

🔊 **Dockets**                                    Dockets Retrieved: 19  ➖

---

**EXHIBIT 1**

7/18/2018

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 16 | 07/03/2018 | | Notice: | Event | **OF AGREED EXTENSION OF TIME** |
| 📄 | 15 | 06/25/2018 | | Notice of Appearance | Event | |
| 📄 | 14 | 06/20/2018 | | Service Returned | Event | |
| 📄 | 13 | 06/14/2018 | | Notice: | Event | **OF AGREED EXTENSION OF TIME** |
| 📄 | 12 | 06/06/2018 | | Service Returned | Event | |
| 📄 | 11 | 06/06/2018 | | Service Returned | Event | |
| | | 05/10/2018 | | 20 Day Summons Issued | Service | |
| 📄 | 10 | 05/10/2018 | | ESummons 20 Day Issued | Event | *Parties: D-I DAVIT INTERNATIONAL INC.* |
| | | 05/10/2018 | | 20 Day Summons Issued | Service | |
| 📄 | 9 | 05/10/2018 | | ESummons 20 Day Issued | Event | *Parties: HATECKE SERVICE USA LLC* |
| | | 05/10/2018 | | 20 Day Summons Issued | Service | |
| 📄 | 8 | 05/10/2018 | | ESummons 20 Day Issued | Event | *Parties: NCL (BAHAMAS) LTD.* |

Export to ▾

**EXHIBIT 1**

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 7 | 05/08/2018 | | Receipt: | Event | RECEIPT#:3400047 AMT PAID:$30.00 NAME:WINKLEMAN, MICHAEL ALAN 2 S BISCAYNE BLVD MIAMI FL 33131-1806 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-S |
| | 3 | 05/02/2018 | | Receipt: | Event | RECEIPT#:3500189 AMT PAID:$401.00 NAME:WINKLEMAN, MICHAEL ALAN 2 S BISCAYNE BLVD MIAMI FL 33131-1806 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 |
| 📄 | 6 | 05/01/2018 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 5 | 05/01/2018 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 4 | 05/01/2018 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 2 | 04/27/2018 | | Complaint | Event | |

**EXHIBIT 1**

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 1 | 04/27/2018 | | Civil Cover | Event | |

◀◀ Back to Search

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)

| Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)

Home (http://www.miami-dadeclerk.com/home.asp)

| Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp)

| Disclaimer (http://www.miamidade.gov/info/disclaimer.asp)    (http://www.miamidade.gov)

| Contact Us (http://www.miami-dadeclerk.com/contact.asp)

| About Us (http://www.miami-dadeclerk.com/about.asp)

2015 Clerk of the Courts. All Rights reserved.

S0142976

MIAMI-DADE COUNTY

**EXHIBIT 1**

7/18/2018

Filing # 71341490 E-Filed 04/27/2018 11:58:43 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>JELEN CARPIO (as personal rep)</u>
 Plaintiff
               vs.

<u>NCL (BAHAMAS) LTD., D-I DAVIT INTERNATIONAL, INC., HATECKE SERVICE USA, LLC</u>
Defendant

---

**II.    TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**EXHIBIT 1**

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.      **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

IV.      **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

<u>7</u>

V.      **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI.      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Michael A Winkleman</u>   FL Bar No.: <u>36719</u>
     Attorney or party                            (Bar number, if attorney)

<u>Michael A Winkleman</u>     <u>04/27/2018</u>
    (Type or print name)                      Date

**EXHIBIT 1**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.

JELEN CARPIO,
as personal representative of the
estate of DIOGENES CARPIO, JR.,S

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

      Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, JELEN CARPIO, as personal representative of the estate of

DIOGENES CARPIO, JR., and sues the Defendants NCL (BAHAMAS) LTD., D-I DAVIT

INTERNATIONAL, INC., and HATECKE SERVICE USA, LLC., and alleges as follows:

### GENERAL ALLEGATIONS

#### a. Jurisdiction

1.   This is an action for the death of the decedent on behalf of the Estate and all survivors

and beneficiaries under the Jones Act, 46 U.S.C. §3104; the General Maritime Law of the

United States; the Death on the High Seas Act, 46 U.S.C. § 30301 et seq., and any other

applicable wrongful death law, seeking damages in excess of the jurisdictional minimum,

exclusive of costs, attorneys' fees and interest.

2.   Plaintiff, Jelen Carpio, as a Personal representative for the Estate of Diogenes Carpio, Jr.,

1

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

**EXHIBIT 1**

deceased, is a citizen and resident of the Philippines.  Carpio brings this action on behalf

of the Estate and on behalf of all survivors who are entitled to recover including, but not

limited, to:

A. Jelen Carpio, Wife;

B. Terrence Jude O. Carpio, minor child (10), born September 28, 2007.

C. Jillian Denise O. Carpio, minor child (7) born June 29, 2010.

3.  Diogenes Carpio was a citizen of the Philippines and employed as a seamen, working for
the Defendant Norwegian Cruise Lines (Bahamas) Ltd. [hereinafter "NCL"] as a second
officer of the Deck Department.

4.  Defendant NCL is a Bermuda corporation with its principal place of business in Miami,
Florida, where it engages in extensive business activities.

5.  Defendant D-I DAVIT INTERNATIONAL, INC [hereinafter "Davit International"] is a
foreign for profit corporation registered to do business in Florida with offices in Ft.
Lauderdale, Florida.

6.  Defendant HATECKE SERVICE USA, LLC [hereinafter "Hatecke"] is a Florida Limited
Liability company registered to do business in Florida with offices in Miami, Florida.

**b. Status of the Parties**

7.  At all times materials hereto, the Defendant NCL owned, operated, managed and/or
controlled the M/V *Norwegian Breakaway*, and was the employer of Diogenes Carpio.

8.  At all times material hereto, D-I DAVIT INTERNATIONAL, INC. was the manufacturer
of the davit(s) which was/were used aboard the *Breakaway*.

9.  At all times material hereto, Defendant Hatecke provide service, inspection and/or
surveys on the subject davits and related equipment used aboard the *Breakaway*.

2

**EXHIBIT 1**

10. At all times material hereto, Diogenes Carpio was a seamen under the Jones Act, because the Defendant NCL maintained its base of operations in the United States, the Defendant NCL was publicly traded on the New York Stock Exchange, an extremely substantial amount of the Defendant's revenue is derived by its operations in the United States and through the sale of cruise tickets to U.S. passengers, and the Defendant's vessel upon which the decedent was injured and regularly sailed out of U.S. ports as did the majority of Defendant's fleet, in addition to other contacts with the United States.

11. Since the Plaintiff was a Jones Act seaman, the Plaintiff is entitled to the federal statutory remedies set forth in the Jones Act, 46 U.S.C. §3104 and the Federal Employers Liability Act, 45 U.S.C. §51 et seq incorporated therein by reference, the Death on the High Seas Act 46 U.S.C. § 30301, as well as the remedies guaranteed by the United States Supreme Court set forth as part of the general maritime law for seamen.

### c. Facts Giving Rise to the Cause of Action

12. On July 20, 2016, Diogenes Carpio was working on board the Defendant's vessel, *Norwegian Breakaway*, carrying out job duties assigned to him. The vessel was in navigable waters around Bermuda.

13. Decedent Diogenes Carpio was assigned to conduct and assist in an unusual amount of lifeboat/rescue boat drills, such as Code Alpha (Medical Emergency), Code Bravo (Fire onboard), Code Delta (Ship damage), and Code Oscar (Man overboard)[1]. This is more than the usual number of drills and for a longer period of time, making it exhaustive on not only the participants, but also on the equipment used.

14. The subject lifeboat/rescue boat(s) utilized a davit which was manufactured and sold by

---

[1] The Man Overboard drill required Diogenes Carpio to board a rescue boat, to be lowered into the sea, and then used to retrieve a man overboard in this simulation process.

**EXHIBIT 1**

Defendant Davit International, and was serviced, inspected and/or maintained (at least in part) by Defendant Hatecke.

15. After entering a rescue boat on Deck 7 of the vessel, a wire on the davit snapped and/or broke causing decedent Diogenes Carpio to fall nearly six stories into the water on top of other seamen participating in the drill.

16. The search for Plaintiff Diogenes Carpio took a considerable amount of time because Defendant's management at the time did not properly inform and direct the crewmembers of the actual emergency, resulting in most crewmembers believing that when the "Man Overboard" Code was called, it was still part of the drill. Diogenes Carpio drowned and met his untimely death, in part, because of the delayed search efforts by the Norwegian Breakaway crew. Even after the seriousness of the Man Overboard code was apparent, the management of the vessel failed to alert real and actual emergency personnel.

17. As a direct and proximate result of Defendant's failure to provide reasonably safe rescue boats, and the delayed search efforts, Plaintiff Diogenes Carpio sustained acute cardio respiratory failure from drowning, and died.

18. As a direct and proximate result of Defendant's negligence, Plaintiff Diogenes Carpio met his untimely demise on July 20, 2016.

19. On November 8, 2016, the same day a complaint was filed by NCL with the National Labor Relations Commission in the Philippines, Plaintiff Jelen Carpio and Defendant NCL entered into a purported settlement agreement and signed a release of all claims relating to the death of Diogenes Carpio. The release is invalid for lacking consideration because the amount received was something that Plaintiff was already entitled to pursuant to the decedent's employment contract, which (as shown below) stated that there was a

**EXHIBIT 1**

death benefit which was payable without prejudice to any claim at law.

20. "Questions regarding enforceability or validity of settlement agreements are determined by federal law when the substantive rights and liabilities of the parties derive from federal law." *See Allem v. Noble Drillin (U.S.) Inc.*, 637 So.2d 1298 (La. App. 4th Cir. 1994) (citing to *Borne v. A&P Boat Rentals No. 4, Inc.*, 780 F.2d 1254, 1256 (5th Cir. 1986).

21. The release at issue is a contract to abandon maritime death claim under federal law. Consequently, federal law must be applied to decide the enforceability of the release. *See Allen*, 637 So.2d at 1301 and *Borne*, 780 F.2d at 1256 (both stating that federal law must be utilized to decide the validity and enforceability of a settlement agreement when the plaintiff's claims are premised on federal general maritime law and the Jones Act).

22. The controlling legal standard in determining whether a release executed by a seaman is valid is the United States Supreme Court case of *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 248 (1942). *See, e.g., Complaint of Bankers Trust Co.*, 752 F.2d 874, 884 (3d Cir. 1984). Because the relationship between a seaman and his employer is unlike a traditional employee-employer relationship, and because seamen are "wards of admiralty," an employer owes a fiduciary duty to its seaman. *Richards v. Relentless, Inc.*, 341 F.3d 35 (1st Cir. 2003) (*citing Garrett*, 317 U.S. at 246). It is for this reason that the burden is on the employer to show that the release of claims "was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights." *Richards*, 341 F.3d at 41 (*quoting Garrett*, 317 U.S. at 248).

If there is any undue inequality in the terms, any disproportion in the bargain, any sacrifice of rights on one side, which are not compensated by extraordinary benefits on the other, the judicial interpretation of the transaction is that the bargain is unjust and unreasonable, that advantage has been taken of the situation of the weaker party, and that *pro tanto* the bargain ought to be set aside as inequitable.

**EXHIBIT 1**

*Id.* at 41-42 (*quoting Garrett*, 317 U.S. at 248) (internal citations and quotations marks omitted).

23. The release must also be fair to the seaman. *Schultz v. Paradise Cruises Ltd.*, 888 F.Supp. 1049, 1053 (1994) (*citing United States v. Johnson*, 160 F.2d 789, 794 (9th Cir. 1947), *rev'd in part on other grounds*, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468 (1948), (*quoting Garrett*, 317 U.S. at 248)). A court may not "merely rubber stamp the settlement." *Schultz*, 888 F.Supp. at 1053 (citing *Whaley v. Rydman*, 887 F.2d 976 (9th Cir. 1989)). The employer "bears the burden of proving that the seaman had an informed understanding of the significance of the release." *Id. (citing Whaley*, 887 F.2d at 979).

24. "The adequacy of the consideration and the nature of the medical and legal advice available to the seaman at the time of signing the release are relevant to an appraisal of this understanding." *Blanco v. Moran Shipping Co.*, 483 F.2d 63 (5th Cir. 1973) (quoting *Garret*, 317 U.S. at 248). While inadequate consideration alone is not sufficient to invalidate a release, it will make the burden of enforcing the release "particularly heavy." *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 962 (9th Cir. 2001). Moreover, if consideration for a seaman's release is grossly inadequate, the release will be deemed invalid as a matter of law. *Id. See also Resner v. Artic Orion Fisheries*, 83 F.3d 271, 274 (9th Cir. 1996). "A release is not valid *if what is paid is something to which a [seaman] is entitled* under any circumstances of the case." *Blake v. W.R. Chamberlin & Co.*, 176 F.2d 511, 513 (9th Cir. 1949); *see also Isthmian Lines, Inc. v. Haire*, 334 F.2d 521, 523 (5th Cir. 1964)(**noting that a release for payments for amounts admittedly due lacks consideration**). The court in *Blake* explained:

If, for example, defendant paid to plaintiff money to which plaintiff was already entitled, that is, earned wages, earned maintenance, and bonus, and things of like character, then if you so find, the taking of the release for other things such as damages and future maintenance would be without consideration and the release

**EXHIBIT 1**

would be **void**.

25. The *Blake* decision is instructive to this case because the $130,000 settlement money received would otherwise be entitled to Plaintiff pursuant to the Collective Bargaining Agreement (CBA), which is incorporated within the Philippine Overseas Employment Administration (POEA) contract, the decedent's employment contract with the Defendant. The CBA states that "if a seafarer dies whilst in the employment of Norwegian," Norwegian shall pay "$90,000 to the spouse and $20,000 to each dependent child under the age of 21." Accordingly, Plaintiff was already entitled to $130,000 as she is the decedent's spouse and the decedent leaves behind two dependent children under the age of 21. The CBA contract further states that "any payment effected under any section of [Article 20 – Loss of Life] shall be **without prejudice** to any claim for compensation made in law and made without any delay … and shall be credited toward any further claims that [Norwegian] may be responsible for."

26. The release should be deemed invalid and/or set aside and/or vacated for the grossly inadequate consideration because Plaintiff was otherwise entitled to $130,000 in death benefits through the CBA. Clearly, there was no bargained for exchange between Jelen Carpio and Defendant NCL when the Release was executed, and thus, the Release shall be deemed void as a matter of law.

27. Furthermore, "[i]f the jury finds that the compensation or settlement the seaman received was inadequate, it may consider that inadequacy of consideration as evidence that the plaintiff did not understand his rights at the time he signed the release." *Richards v. Relentless, Inc.*, 341 F.3d 35, 48 (1st Cir. 2003) (*citing Garrett*, 317 U.S. at 247). The fact that Jelen Carpio accepted $130,000 in exchange for giving up her right to the continued pursuit of a potentially far greater damagers recovery is positive proof that she did not

7

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

**EXHIBIT 1**

understand her rights at the time she signed the release.

## COUNT I SURVIVAL ACTION UNDER THE JONES ACT VS. DEFENDANT NCL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty seven (27) as though alleged originally herein.

28. On July 20, 2016, Diogenes Carpio was employed by Defendant NCL as a seaman and was a member of the crew on aboard the Norwegian Breakaway. The vessel was in navigable waters in Bermuda.

29. Defendant owed Diogenes Carpio a duty of reasonable care for his safety, including care to maintain the vessel in a reasonably safe condition and to operate the vessel safely and to provide a reasonably safe working environment.

30. Diogenes Carpio death is due to the fault and negligence of Defendant, and/or their agents, servants, and/or employees, as follows:

    a.  Defendant failed to use reasonable care to provide and maintain a proper and adequate machinery, crew and equipment, including and especially the equipment and machinery for the rescue boat, as well as the crew involved in the rescue boat drill and the crew involved with responding to the actual emergency at issue;

    b.  Defendant failed to update and modernize the shipboard equipment to eliminate the unsafe and dangerous conditions that developed;

    c.  Defendant failed to properly maintain the equipment involved, leading to failure of the tethering and the davit wire cord used to lower and raise the rescue boat, rendering the operation of the rescue boat unsafe and dangerous, and unfit for its intended purpose;

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

**EXHIBIT 1**

d.   Defendant failed to properly instruct and train the crew members to make sure the equipment involved was properly inspected for dangers, and properly operated before use;

e.   Defendant failed to ascertain the cause of prior similar accidents so as to take measures to prevent their recurrence, and more particularly Plaintiff's accident;

f.   Failure to provide a safe place to work in that the rescue boat operation was not performed in a safe manner;

g.   Defendant continued to utilize the rescue boat even with knowledge of the faulty and unsafe equipment;

h.   Defendant failed to provide adequate instruction, and supervision by failing to timely alert the crew members of the actual and on-going emergency when the Plaintiff and other seamen fell several stories into the ocean;

i.   Defendant failed to use reasonable care to provide Plaintiff with a reasonably safe workplace;

j.   Defendant failed to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel;

k.   Defendant used outmoded work methods and procedures and neglected modern material handling techniques;

l.   Defendant failed to provide Plaintiff with mechanized aids, commonly available in other heavy industries;

m. Defendant failed to use reasonable care in ensuring the safety of the crew when Defendant planned on executing an unusual amount of drills, knowing the life boats

**EXHIBIT 1**

would be lowered and raised several times from Deck 7, creating more pressure on the equipment that is rarely used.

31. At all times material hereto, Defendants knew of the foregoing conditions causing the Plaintiff's injuries and death and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

32. As a direct and proximate result of the negligence of Defendant, Diogenes Carpio died.

**WHEREFORE**, Plaintiff demands damages as allowed under the Jones Act, 46 U.S.C. § 30104, including but not limited to loss of support, past and future earnings, loss of services, loss of nurture and guidance of dependent children and family, and funeral expenses, and all other damages allowable by law, including punitive damages.  Plaintiff demands a trial by jury for all issues so triable and any other relief this Court deems proper.

## COUNT II—UNSEAWORTHINESS AGAINST DEFENDANT NCL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty seven (27) as though alleged originally herein.

33. On July 20, 2016, Diogenes Carpio was a seaman and member of the Defendant's vessel, Norwegian Breakaway, which was in navigable waters.

34. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant.

35. Defendant NCL had the absolute non-delegable duty to provide Plaintiff Diogenes Carpio with a seaworthy vessel. When equipment fails under normal use, a presumption arises that the equipment was defective and hence unseaworthy.  *See Villers Seafood Co., Inc. v. Vest*, 813 F.2d 339, 342 (11th Cir. 1987).

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

**EXHIBIT 1**

36. On July 20, 2016, Defendant breached that duty to Plaintiff by providing him with an unseaworthy vessel on which to work as a seaman.

37. On July 20, 2016, the unseaworthiness of Defendant's vessel(s) was a legal cause of injuries and damages to Plaintiff Diogenes Carpio by reason of the following:

a. The vessel was rendered unsafe and unfit, due to the conditions created by Defendant, as follows: (1) The rescue boat and/or davit having a faulty and worn down tether and wire cord, making the operation of the rescue boat not only unfit for its intended purpose, but in such a condition to be dangerous and place those who utilize the rescue boat at risk for serious injury or death; (2) The vessel was unsafe and unfit due to the conditions created by Defendant's conduct; (3) The job methods and procedures were not reasonably fit for the intended purpose as it posed an unreasonable risk of injury; (4) Due to an unsafe working environment; (5) By the presence of a rescue boat and/or davit not reasonably fit for its intended purpose; (6) By the total disregard for the lives and safety of anyone utilizing the rescue boat and/or davit; (7) Defendant unreasonably required Plaintiff and other crewmembers to work with inadequate and/or defective machinery and equipment, especially for the rescue boat drill; (8) Defendant unreasonably required Plaintiff to participate in work activities with an inadequate and/or untrained crew, especially for the rescue boat drill, and the untimely rescue of the decedent and the other seamen that fell several stories into the ocean; (9) Defendant unreasonably failed to warn the Plaintiff of the dangers associate with his work activities, especially for the life boat drill; (10) Defendant failed to provide Plaintiff and his fellow crewmembers with proper training and/or

11

**EXHIBIT 1**

supervision with respect to work activities, especially for the life boat drill and the untimely rescue of the decedent; (11) Defendant unreasonably failed to provide adequate manpower to perform the work activities aboard the vessel, especially for the life boat drill and the untimely rescue of the decedent; (12) Defendant unreasonably created an unsafe work environment; (13) Defendant unreasonably perpetuated an unsafe work environment; (14) Defendant created a working environment where crew members are discouraged and/or unable to assist each other with duties; and (15) Defendant perpetuated an unsafe work environment where crew members were discouraged and/or unable to assist each other in work duties; all of which caused Plaintiff to become injured.

b.   The vessel was not fit for its intended purpose;

c.   The vessel lacked proper equipment and machinery, which was demonstrated by the rescue boat coming off the faulty tethering and/or davit and the faulty wire cord snapping;

d.   The vessel's crew was not properly trained, instructed or supervised, which is demonstrated by the untimely rescue effort after the decedent fell into the water;

e.   The vessel did not have a fit crew;

f.   Failure to conduct proper job analysis and risk of harm analysis;

g.   The vessel did not have adequate manpower for the tasks being performed;

h.   The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

38. As a direct result of the unseaworthiness of the vessel mentioned above, Diogenes Carpio died.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

**EXHIBIT 1**

**WHEREFORE**, Plaintiff demands damages as allowed under the General Maritime Law, including but not limited to loss of support, past and future earnings, loss of services, loss of nurture and guidance of dependent children and family, and funeral expenses, and all other damages allowable by law, including punitive damages.  Plaintiff demands a trial by jury for all issues so triable and any other relief this Court deems proper.

## COUNT III - DEATH ON THE HIGH SEAS ACT (46 U.S.C. § 30301et seq.) AGAINST ALL DEFENDANTS

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty seven (27) as though alleged originally herein.

39. At all times material hereto, Defendants owed Diogenes Carpio a duty of reasonable care.

40. On July 20, 2016, Diogenes Carpio died due to the fault and negligence of Defendants, its employees, and agents, and due to the unseaworthiness of the vessel as follows:

   a. Failure to use reasonable care to provide and maintain a safe place to work for Diogenes Carpio, fit with proper and adequate machinery, crew and equipment, including and especially the equipment and machinery for the rescue boat, as well as the crew involved in the life boat drill; and/or

   b. Defendant failed to update and modernize the shipboard equipment to eliminate the unsafe and dangerous conditions that developed;

   c. Defendant failed to properly maintain the equipment involved, leading to failure of the tethering and the davit wire cord used to lower and raise the rescue boat, rendering the operation of the rescue boat unsafe and dangerous, and unfit for its intended purpose;

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

**EXHIBIT 1**

d.   Defendant failed to properly instruct and train the crew members to make sure the equipment involved was properly inspected for dangers, and properly operated before each and every use;

e.   Defendant failed to ascertain the cause of prior similar accidents so as to take measures to prevent their recurrence, and more particularly Plaintiff's accident;

f.   Failure to provide a safe place to work in that the rescue boat operation was not performed in a safe manner;

g.   Defendant continued to utilize the rescue boat even with knowledge of the faulty and unsafe equipment;

h.   Defendant failed to provide adequate instruction, and supervision by failing to timely alert the crew members of the actual and on-going emergency when the Plaintiff and other seamen fell several stories into the ocean;

i.   Defendant failed to use reasonable care in ensuring the safety of the crew when Defendant planned on executing an unusual amount of drills, knowing the life boats would be lowered and raised several times from Deck 7, creating more pressure on the equipment that is rarely used.

j.   Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly Diogenes Carpio, while engaged in the course of his employment on said vessel; and/or

k.   Failure to use reasonable care to maintain the vessel and its equipment; and/or

l.   Failure to provide adequate crew in terms of numbers and/or training for the operations undertaken at the time of the subject incident; and/or

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

**EXHIBIT 1**

m.  Failure to provide and utilize adequate safety devices at the time of the subject incident; and/or

n.  Defendant used outmoded work methods and procedures and neglected modern material handling techniques;

o.  Defendant failed to provide Plaintiff with mechanized aids, commonly available in other heavy industries;

p.  Failing to adequately manage the vessel's crew.

q.  Failure to utilize proper equipment

41. As a result of the negligence of Defendants, its agents and employee and/or the unseaworthiness of the vessel, Diogenes Carpio died. Diogenes Carpio's survivors, his wife Jelen Carpio, and his two children Terence Jude Carpio, 9 years old and Denise Carpio, 6 years old, sustained pecuniary losses as allowed by law.

**WHEREFORE**, Plaintiff demands damages as allowed under the Death on the High Seas Act, 46 USC §30301 et seq., and/or any other applicable wrongful death and/or survival act, including but not limited to pecuniary losses, loss of support, past and future earnings, loss of services, loss of nurture and guidance of dependent children and family, funeral expenses, and all other damages allowable by law. Plaintiff demands a trial by jury for all issues so triable, and any other relief this Court deems proper.

## COUNT IV – WRONGFUL DEATH UNDER THE GENERAL MARITIME LAW AGAINST DEFENDANT NCL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty seven (27) as though alleged originally herein.

**EXHIBIT 1**

42. On July 20, 2016, the decedent was employed by Defendant as a seaman and was a member of the crew on aboard the Norwegian Breakaway. The vessel was in navigable waters in Bermuda.

43. Pursuant to the General Maritime law, Defendant owed decedent a duty of reasonable care for his safety, including care to maintain the vessel in a reasonably safe condition and to operate the vessel safely and to provide a reasonably safe working environment.

44. On July 20, 2016, Carpio suffered severe injuries, pre-death conscious pain and suffering, and ultimately died due to Defendant, and/or their agents, servants, and/or employees, breaching its duty to Plaintiff through the following acts and/or omissions:

n.  Defendant failed to use reasonable care to provide and maintain a proper and adequate machinery, crew and equipment, including and especially the equipment and machinery for the rescue boat, as well as the crew involved in the life boat drill and the crew involved with responding to the actual emergency at issue;

o.  Defendant failed to update and modernize the shipboard equipment to eliminate the unsafe and dangerous conditions that developed;

p.  Defendant failed to properly maintain the equipment involved leading to failure of equipment, rendering the operation of the rescue boat unsafe and dangerous, and unfit for its intended purpose;

q.  Defendant failed to properly instruct and train the crew members to make sure the equipment involved was properly inspected for dangers, and properly operated before use;

r.  Defendant failed to ascertain the cause of prior similar accidents so as to take measures to prevent their recurrence, and more particularly Plaintiff's accident;

Lipcon, Margulies, Alsina & Winkleman, P.A.

**EXHIBIT 1**

s.   Defendant used outmoded work methods and procedures and neglected modern material handling techniques;

t.   Defendant failed to provide Plaintiff with mechanized aids, commonly available in other heavy industries;

u.   Failure to provide a safe place to work in that the rescue boat operation was not performed in a safe manner;

v.   Defendant continued to utilize the rescue boat even with knowledge of the faulty and unsafe equipment;

w.   Defendant failed to provide adequate instruction, and supervision by failing to timely alert the crew members of the actual and on-going emergency when the Plaintiff and other seamen fell several stories into the ocean;

x.   Defendant failed to provide Plaintiff with a seaworthy vessel;

y.   Defendant failed to use reasonable care to provide Plaintiff with a reasonably safe workplace;

z.   Defendant failed to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel;

aa. Defendant failed to provide adequate instruction, and supervision to crew members and Plaintiff;

bb. Defendant failed to provide prompt, proper and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and disability;

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

**EXHIBIT 1**

cc. Defendant failed to use reasonable care in ensuring the safety of the crew when Defendant planned on executing an unusual amount of drills, knowing the life boats would be lowered and raised several times from Deck 7.

45. At all times material hereto, Defendants knew of the foregoing conditions causing the Plaintiff's injuries and death and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

46. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about his body and extremities, consciously suffered physical pain and suffering, incurred medical expenses in the care and treatment of his injuries, and then died.

**WHEREFORE**, Plaintiff demands damages as allowed under the Jones Act, 46 U.S.C. § 30104, and/or the General Maritime Law, including but not limited to loss of support, past and future earnings, loss of services, loss of nurture and guidance of dependent children and family, pre-death pain and suffering, and funeral expenses, and all other damages allowable by law, including punitive damages.  Plaintiff demands a trial by jury for all issues so triable and any other relief this Court deems proper.

## COUNT V – WRONGFUL DEATH UNDER THE GENERAL MARITIME LAW AGAINST DEFENDANTS DAVIT INTERNATIONAL AND HATECKE

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty seven (27) as though alleged originally herein.

47. Pursuant to the General Maritime law, Defendants Davit International and Hatecke owed Carpio a duty of reasonable care.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

**EXHIBIT 1**

48. On July 20, 2016, decedent suffered severe injuries, pre-death conscious pain and suffering, and ultimately died due to Defendant, and/or their agents, servants, and/or employees, breaching its duty to Plaintiff through the following acts and/or omissions:

   a. Failure to provide a properly working davit and/or related equipment which failed;

   b. Failure to adequately service, install, repair, maintain and/or inspect the subject davit and/or related equipment which failed;

   c. Failure to properly warn of the dangers which befell the decedent;

   d. Failure to have proper manuals, or policies or procedures designed to prevent the incident which occurred;

   e. Defendant failed to update and modernize the shipboard equipment to eliminate the unsafe and dangerous conditions that developed;

   f. Defendant failed to properly maintain the equipment involved leading to failure of equipment, rendering the operation of the rescue boat unsafe and dangerous, and unfit for its intended purpose;

   g. Defendant failed to properly instruct and train the crew members to make sure the equipment involved was properly inspected for dangers, and properly operated before use;

   h. Defendant failed to ascertain the cause of prior similar accidents so as to take measures to prevent their recurrence, and more particularly Plaintiff's accident;

   i. Defendant used outmoded work methods and procedures and neglected modern material handling techniques;

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

**EXHIBIT 1**

j.  Defendant failed to provide Plaintiff with mechanized aids, commonly available in other heavy industries;

k.  Defendant continued to utilize the rescue boat even with knowledge of the faulty and unsafe equipment;

l.  Defendant failed to provide adequate instruction, and supervision to crew members and Plaintiff;

m.  Failure to inspect or investigate the davit for defects and/or dangers and/or hazards

n.  Failure to provide adequate warnings for prospective users and handlers of the davit, including the decedent.

49. At all times material hereto, Defendants knew of the foregoing conditions causing the Plaintiff's injuries and death and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

50. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about his body and extremities, consciously suffered physical pain and suffering, incurred medical expenses in the care and treatment of his injuries, and then died.

**WHEREFORE**, Plaintiff demands damages as allowed under the Jones Act, 46 U.S.C. § 30104, and/or the General Maritime Law, including but not limited to loss of support, past and future earnings, loss of services, loss of nurture and guidance of dependent children and family, pre-death pain and suffering, and funeral expenses, and all other damages allowable by law, including punitive damages.  Plaintiff demands a trial by jury for all issues so triable and any other relief this Court deems proper.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

**EXHIBIT 1**

## COUNT VI – STRICT LIABILITY AGAINST DAVIT INTERNATIONAL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty seven (27) as though alleged originally herein.

51. Defendant Davit International manufactured, designed, marketed, sold, and distributed a Davit D-NPS.MP which was installed on the M/V Breakaway. Said Davit failed to safely operate as intended. But for the failure of this davit and/or related equipment, decedent would not have suffered the loss of life.

52. At all times material hereto, Defendant Davit International had a duty to manufacture, design, distribute, market, and sell a non-defective and properly designed and manufactured Davit that was suitable for normal and foreseeable usage. Defendant's respective duties included authorizing the manufacture, design, distribution, marketing, and sale of a properly designed and manufactured Davit capable of safely withstanding known, foreseeable forces associated with safe handling and normal usage.

53. While using the Davit with appropriate care, the davit malfunctioned and created a hazardous situation whereby decedent was killed due to the malfunction of the Davit.

54. The condition of the subject davit from the time it left its place of manufacture through the time of decedent's accident, was defective and unreasonably dangerous to intended and foreseeable users, including decedent, in one or more of the following ways and for one or more of the following reasons:

a. The davit onboard the M/V Breakaway which failed to work properly, was defectively designed from a handling standpoint such that it had an unreasonably dangerous propensity to fail under foreseeable handling and use conditions and failed to have an adequate support structure to prevent the type of incident which occurred.

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

**EXHIBIT 1**

b.   The davit was unaccompanied by any sufficient warning of the danger of malfunction from the use of the device in a foreseeable manner, such that the danger of automatically starting and creating a dangerous situation would be communicated to the users of the device; and/or

c.   The davit was improperly designed, manufactured, and assembled, thus causing the device to have an unreasonable and dangerous propensity to malfunction when used or handled under foreseeable conditions, including foreseeable drills; and/or

d.   The davit was improperly and inadequately tested; and/or

e.   The hazards of the davit were improperly determined; and/or

f.   The davit lacked adequate and sufficient warnings and instructions about the risks, dangers, and harms presented by the device and reasonable means to reduce such risks, dangers, and harms; and/or

g.   The davit did not perform as safely as an ordinary consumer would expect when used as intended and in manners reasonably foreseeable to those in the chain of distribution of the davit.

55. The unreasonably dangerous nature of the defective condition of the davit created a high risk that the device would be involved in, and it was involved in, a malfunction resulting in the loss of life.

56. As a direct and proximate result of the defects, and subsequent malfunction, in the davit, the decedent was killed, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost

Lipcon,  Margulies,  Alsina  &  Winkleman,  P.A.

**EXHIBIT 1**

earnings and earning capacity both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

### COUNT VII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE AGAINST DAVIT INTERNATIONAL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty seven (27) as though alleged originally herein.

57.    At the time of the sale, marketing, distribution, manufacture, and design of the davit Defendant Davit International had extensive knowledge of the purpose for which the product was to be used. The Defendant knew and/or should have known and expected that their expertise, skill and judgment were being relied upon to select, sell, distribute, market, manufacture, and design a safe and suitable product which would not injure its user under normal foreseeable circumstances and usage. Davit International implied and warranted the davit device as being safe and fit for the purpose decedent utilized davit for.

58.    Davit International breached its implied warranty of fitness of safe user usage by distributing, delivering, marketing, and/or selling the defective davit which was unsafe and dangerous, and not reasonably fit for the ordinary purpose for which the davit is used.

59.    As a direct and proximate cause of the Defendant Davit International's breach of their implied warranty, decedent was killed when the davit designed, manufactured and sold by Defendant Davit International malfunctioned

**EXHIBIT 1**

60.     In addition, as a direct and proximate cause of the Davit International's breach of their implied warranty, the decedent was killed, was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and earning capacity both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

**Dated: April 27, 2018.**

> LIPCON, MARGULIES,
> ALSINA & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 S. Biscayne Boulevard
> Miami, Florida 33131
> Telephone No.: (305) 373-3016
> Facsimile No.: (305) 373-6204

> By:   */s/ Michael Winkleman*
> **MICHAEL A. WINKLEMAN**
> Florida Bar No. 36719
> Email: mwinkleman@lipcon.com
> **JASON R. MARGULIES**
> Florida Bar No. 057916
> Email: jmargulies@lipcon.com
> **ADRIA G. NOTARI**
> Florida Bar No. 87272
> Email: anotari@lipcon.com

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

**EXHIBIT 1**

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | (a) GENERAL FORMS | |
| ☐ DISTRICTS | | 2018-013783-CA-01 |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| JELEN CARPIO,<br>as personal representative of the<br>estate of DIOGENES CARPIO, JR.,S | NCL (BAHAMAS) LTD.,<br>D-I DAVIT INTERNATIONAL, INC.,<br>HATECKE SERVICE USA, LLC | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): D-I DAVIT INTERNATIONAL, INC.

by serving KLASH, THOMAS W, CPA as Registered Agent

1909 Tyler Street #302

Hollywood, FL 33020

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Michael Winkleman

whose address is: Lipcon, Margulies, Alsina & Winkeman, P.A.

One Biscayne Tower, Suite 1776    Two South Biscayne Blvd.

Miami, FL  33131

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _____<br>DEPUTY CLERK | DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

PRINT    SAVE    RESET

**EXHIBIT 1**

CLK/CT. 314 Rev. 01/11                                                    Clerk's web address: www.miami-dadeclerk.com

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | (a) GENERAL FORMS | |
| ☐ DISTRICTS | | 2018-013783-CA-01 |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| JELEN CARPIO, as personal representative of the estate of DIOGENES CARPIO, JR.,S | NCL (BAHAMAS) LTD., D-I DAVIT INTERNATIONAL, INC., HATECKE SERVICE USA, LLC | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): HATECKE SERVICE USA, LLC

by serving MARK E. FRIED, P.A. as Registered Agent

1110 Brickell Avenue, Suite 310

Miami, FL 33131

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Michael Winkleman

whose address is: Lipcon, Margulies, Alsina & Winkeman, P.A.

One Biscayne Tower, Suite 1776   Two South Biscayne Blvd.

Miami, FL  33131

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK OF COURTS | BY: _____ DEPUTY CLERK | DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

PRINT   SAVE   RESET

**EXHIBIT 1**

Clerk's web address: www.miami-dadeclerk.com

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | (a) GENERAL FORMS | |
| ☐ DISTRICTS | | 2018-013783-CA-01 |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| JELEN CARPIO, as personal representative of the estate of DIOGENES CARPIO, JR.,S | NCL (BAHAMAS) LTD., D-I DAVIT INTERNATIONAL, INC., HATECKE SERVICE USA, LLC | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): NCL (BAHAMAS) LTD.

by serving DANIEL S. FARKAS, Esq. as Registered Agent

7665 Corporate Center Dr.

Miami, FL 33126

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Michael Winkleman

whose address is: Lipcon, Margulies, Alsina & Winkeman, P.A.

One Biscayne Tower, Suite 1776   Two South Biscayne Blvd.

Miami, FL  33131

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN** **CLERK OF COURTS** | BY: _____ DEPUTY CLERK | DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

PRINT    SAVE    RESET

**EXHIBIT 1**

Clerk's web address: www.miami-dadeclerk.com

Filing # 73542818 E-Filed 06/14/2018 09:03:16 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 18-013783-CA(25)

JELEN CARPIO,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

      Defendant.

_____/

## NOTICE OF AGREED EXTENSION OF TIME

    Defendant, NCL (BAHAMAS) LTD. (hereinafter "Norwegian"), by and through

undersigned counsel, hereby files this notice that Plaintiff has agreed to extend Norwegian's time

to file its responsive pleading to July 9, 2018.

                Respectfully submitted,

                MASE MEBANE & BRIGGS, P.A.
                *Attorneys for Defendant*
                2601 South Bayshore Drive, Suite 800
                Miami, Florida  33133
                Telephone:  (305) 377-3770
                Facsimile:  (305) 377-0080

                By:   */s/ Adam Finkel*
                        CURTIS J. MASE
                        Florida Bar No.478083
                        cmase@maselaw.com
                        kfehr@maselaw.com
                        filing@maselaw.com
                        ADAM FINKEL
                        Florida Bar No.: 101505
                        afinkel@maselaw.com
                        filing@maselaw.com
                        carbelaez@maselaw.com

**EXHIBIT 1**

CASE NO.: 18-013783-CA(25)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 14, 2018, a true and correct copy of the foregoing was sent by e-mail to: Michael A. Winkleman, Esq., <u>mwinkleman@lipcon.com</u>, Jason R. Margulies, Esq., <u>jmargulies@lipcon.com</u>, Andria G. Notari, <u>anotari@lipcon.com</u>, and electronically filed the foregoing with the Clerk using the Florida Courts e-Filing Portal.


/s/ *Adam Finkel*
ADAM FINKEL

CARPIO//3

**EXHIBIT 1**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 18-013783-CA(25)

JELEN CARPIO,

     Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

     Defendant.

_____/

## NOTICE OF AGREED EXTENSION OF TIME

Defendant, NCL (BAHAMAS) LTD. (hereinafter "Norwegian"), by and through

undersigned counsel, hereby files this notice that Plaintiff has agreed to extend Norwegian's time

to file its responsive pleading to July 20, 2018.

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By:    */s/ Adam Finkel*
      CURTIS J. MASE
      Florida Bar No.478083
      cmase@maselaw.com
      kfehr@maselaw.com
      filing@maselaw.com
      ADAM FINKEL
      Florida Bar No.: 101505
      afinkel@maselaw.com
      filing@maselaw.com
      carbelaez@maselaw.com

**EXHIBIT 1**

CASE NO.: 18-013783-CA(25)

### CERTIFICATE OF SERVICE

I certify that on July 3, 2018, a true and correct copy of the foregoing was sent by e-mail to: Michael A. Winkleman, Esq., mwinkleman@lipcon.com, Jason R. Margulies, Esq., jmargulies@lipcon.com, Andria G. Notari, anotari@lipcon.com, and electronically filed the foregoing with the Clerk using the Florida Courts e-Filing Portal.


/s/ *Adam Finkel*
ADAM FINKEL

CARPIO//3

2
**MASE MEBANE & BRIGGS**

**EXHIBIT 1**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY FLORIDA

CASE NO. 2018-013783-CA-01

JELEN CARPIO,
as personal representative of the estate
of DIOGENES CARPIO, JR.

      Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

      Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF
## E-MAIL ADDRESSES IN COMPLIANCE WITH RULE 2.516(B)(1)

    PLEASE TAKE NOTICE that Jerry D. Hamilton, Esq., Robert M. Oldershaw, Esq., Elisha M. Sullivan, Esq., and the law firm of Hamilton, Miller & Birthisel, LLP, hereby appear as counsel of record for Defendant, HATECKE SERVICE USA, LLC. and request that all future pleadings, correspondence, notices, etc., be forwarded to the undersigned. In compliance with Fla. R. Admin. 2.516, the undersigned designate the following e-mail addresses for purposes to service in connection with the above-styled matter:

Primary:    Jerry D. Hamilton, Esq. (jhamilton@hamiltonmillerlaw.com)
             Robert M. Oldershaw, Esq. (roldershaw@hamiltonmillerlaw.com)

Secondary:  Elisha M. Sullivan, Esq. (esullivan@hamiltonmillerlaw.com)
             Gustavo Bernardez (gbernardez@hamiltonmillerlaw.com)
             Sunny Payne (spayne@hamiltonmillerlaw.com)

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**EXHIBIT 1**

CASE NO. 2018-013783-CA-01

Respectfully Submitted,

/s/ Jerry D. Hamilton

Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Robert M. Oldershaw
Florida Bar No. 86071
roldershaw@hamiltonmillerlaw.com
Elisha M. Sullivan
Florida Bar No. 57559
esullivan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Hatecke Service USA, LLC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 25, 2018, I electronically filed the foregoing document with the Clerk of the Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List.

/s/Jerry D. Hamilton
Jerry D. Hamilton

**EXHIBIT 1**

CASE NO. 2018-013783-CA-01

## SERVICE LIST

*Attorneys for Plaintiff*

Michael Winkleman, Esq.
Jason R. Margulies, Esq.
Adria G. Notari, Esq.
LIPCON, MARGULIES, ALSINA
& WINKELMAN, P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 1776
Miami, FL 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
anotari@lipcon.com

*Attorneys for Defendant, NCL (Bahamas) Ltd.*

Curtis J. Mase, Esq.
Adam Finkel, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drivee, Suite 800
Miami, FL 33133
Telephone: (305) 377-3770
cmase@maselaw.com
kfehr@maselaw.com
filing@maselaw.com
afinkel@maselaw.com
carbelaez@maselaw.com

*Attorneys for Defendant, Hatecke Service USA, LLC.*

Jerry D. Hamilton
jhamilton@hamiltonmillerlaw.com.
Robert M. Oldershaw
roldershaw@hamiltonmillerlaw.com
Elisha M. Sullivan
Florida Bar No. 57559
esullivan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**EXHIBIT 1**

Filing # 73861967 E-Filed 06/20/2018 03:50:15 PM

## VERIFIED RETURN OF SERVICE

State of Florida       County of Miami-Dade       Circuit Court

Case Number: 2018 013783 CA 01

Plaintiff:
**JELEN CARPIO, AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF DIOGENES CARPIO, JR., S**

vs.

Defendant:
**NCL (BAHAMAS) LTD., D-I DAVIT INTERNATIONAL, INC. HATECKE
SERVICE USA, LLC**

For:
Michael A. Winkleman
LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A
ONE BISCAYNE TOWER
SUITE 1776
MIAMI, FL 33131

Received by L.L. RUBIN & COMPANY on the 5th day of June, 2018 at 12:50 pm to be served on **D-I DAVIT INTERNATIONAL, INC. BY SERVING: KLASH, THOMAS W. CPA, REGISTERED AGENT, 1909 TYLER STREET, #302, HOLLYWOOD, FL 33020**.

I, AMY ROBY, do hereby affirm that on the **8th day of June, 2018 at 11:20 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **THOMAS W. KLASH, CPA as REGISTERED AGENT** for **D-I DAVIT INTERNATIONAL, INC.**, at the address of: **1909 TYLER STREET, #302, HOLLYWOOD, FL 33020**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true, to the best of my knowledge and belief F.S. 92.525 Verification of documents.

**AMY ROBY**
SPS 443

**L.L. RUBIN & COMPANY**
**14629 S W 104 Street**
**Suite 489**
**Miami, FL 33186**
**(305) 321-5428**

Our Job Serial Number: CIZ-2018006695
Ref: 2018000513

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2n



SUMMONS 20 Day Corporate Service

RECEIVED MAY 31 2018

Filing # 71495159 E-Filed 05/01/2018 12:09:33 PM

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | **(a) GENERAL FORMS** | |
| ☐ DISTRICTS | | 2018-013783-CA-01 |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| JELEN CARPIO, as personal representative of the estate of DIOGENES CARPIO, JR.,S | NCL (BAHAMAS) LTD., D-I DAVIT INTERNATIONAL, INC., HATECKE SERVICE USA, LLC | Personal service [ ] By leaving a copy with Thomas W. Klash DATE 6-8-18 TIME 11/20A BY Amy Roby - #3 |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): D-I DAVIT INTERNATIONAL, INC.

by serving KLASH, THOMAS W, CPA as Registered Agent

1909 Tyler Street #302

Hollywood, FL 33020

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Michael Winkleman

whose address is: Lipcon, Margulies, Alsina & Winkeman, P.A.

One Biscayne Tower, Suite 1776   Two South Biscayne Blvd.

Miami, FL 33131

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK OF COURTS | BY: | 5/10/2018 |
|---|---|---|
| | DEPUTY CLERK | DATE |

**AMERICANS WITH DISABILITIES ACT OF 1990 ADA NOTICE**

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

PRINT   SAVE   RESET

CLK/CT. 314 Rev. 01/11

Clerk's web address www.miami-dadeclerk.com

EXHIBIT 1

## VERIFIED RETURN OF SERVICE

State of FLORIDA        County of MIAMI-DADE        Circuit Court

Case Number: 18-013783 CA 01

Plaintiff:
**JELEN CARPIO, as personal representative of the estate of
DIOGENES CARPIO, JR. S**
vs.
Defendant:
**NCL (BAHAMAS) LTD, D-1 DAVIT INTERNANTIONAL, INC.HATECKE
SERVICE USA, LLC**

For:
Michael Winkleman
LIPCON,MARGUILES,ALSINA & WINKLEMAN, P.A.
1 Biscayne Tower.
Ste.1776
Miami, FL 33020

Received by L.L.RUBIN & COMPANY on the 31st day of May, 2018 at 12:30 pm to be served on **HATECKE
SERVICE USA, LLC by serving; MARK E. FRIED,P.A. REG.AGENT, 1110 BRICKELL AVE STE.310, MIAMI, FL
33131.**

I, Luis Lopez, do hereby affirm that on the **1st day of June, 2018 at 1:55 pm, I:**

served a LIMITED LIABILITY CO. by delivering a true copy of the **SUMMONS & COMPLAINT,** with the date and
hour of service endorsed thereon by me, to: **MARK E. FRIED, ESQ.** as EMPLOYEE OF REG.AGENT for
**HATECKE SERVICE USA, LLC,** at the address of: **1110 BRICKELL AVE. STE.310, MIAMI, FL 33131,** and
informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in
good standing, in the judicial circuit in which the process was served> Notary not required persuant to Fla.Statute
92.525. Under Penalty of Perjury,I declare that I have read the foregoing documet and that the facts stated therein
are true and correct to the best of my knowledge

_____
Luis Lopez
CPS #426

**L.L.RUBIN & COMPANY
14629 SW 104 ST.
489
MIAMI, FL 33186**

Our Job Serial Number: LAL-2018000518

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

**EXHIBIT 1**

Filing # 71495159 E-Filed 05/01/2018 12:09:55 PM

SUMMONS 20 Day Corporate Service

RECEIVED MAY 1 2018

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | 2018-013783-CA-01 |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | SERVICE |
|---|---|---|
| JELEN CARPIO,<br>as personal representative of the<br>estate of DIOGENES CARPIO, JR.,S | NCL (BAHAMAS) LTD.,<br>D-I DAVIT INTERNATIONAL, INC.,<br>HATECKE SERVICE USA, LLC | [ ] Personal service [ ] By leaving a copy with<br>MACK E. FRIED<br>DATE: 6-1-18  TIME: 1557<br>BY: L. Lopez |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): HATECKE SERVICE USA, LLC

by serving MARK E. FRIED, P.A. as Registered Agent

1110 Brickell Avenue, Suite 310

Miami, FL 33131

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Michael Winkleman

whose address is: Lipcon, Margulies, Alsina & Winkeman, P.A.

One Biscayne Tower, Suite 1776  Two South Biscayne Blvd.

Miami, FL  33131

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _____ | 5/10/2018<br>DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

PRINT   SAVE   RESET

CLK/CT. 314 Rev. 01/11                           Clerk's web address    EXHIBIT 1

## VERIFIED RETURN OF SERVICE

State of FLORIDA          County of MIAMI-DADE                    Circuit Court

Case Number: 18-013783 CA 01

Plaintiff:
**JELEN CARPIO, as personal representative of the estate of**
**DIOGENES CARPIO, JR. S**
vs.
Defendant:
**NCL (BAHAMAS) LTD, D-1 DAVIT INTERNANTIONAL, INC.HATECKE**
**SERVICE USA, LLC**

For:
Michael Winkleman
LIPCON,MARGUILES,ALSINA & WINKLEMAN, P.A.
1 Biscayne Tower.
Ste.1776
Miami, FL 33020

Received by L.L.RUBIN & COMPANY on the 31st day of May, 2018 at 12:30 pm to be served on **NCL (BAHAMAS)**
**LTD. by serving DANIEL S. FARKAS,ESQ. as REG.AGENT, 7300 CORPORATE CENTER DR. STE.100, MIAMI,**
**FL 33126.**

I, Luis Lopez, do hereby affirm that on the **4th day of June, 2018 at 10:37 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS & COMPLAINT,** with the date and hour of
service endorsed thereon by me, to: **ALISHA TAYLOR, as REG.AGENTS ASSISTANT** for NCL **(BAHAMAS)**
**LTD.,** at the address of: **7300 CORPORATE CENTER DR.STE.100, MIAMI, FL 33126,** and informed said person
of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in
good standing, in the judicial circuit in which the process was served> Notary not required persuant to Fla.Statute
92.525. Under Penalty of Perjury,I declare that I have read the foregoing documet and that the facts stated therein
are true and correct to the best of my knowledge

_____
Luis Lopez
CPS #426

**L.L.RUBIN & COMPANY**
**14629 SW 104 ST.**
**489**
**MIAMI, FL 33186**

Our Job Serial Number: LAL-2018000524

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

**EXHIBIT 1**

SUMMONS 20 Day Corporate Service

RECEIVED MAY 3 1 2018

Filing # 71495159 E-Filed 05/01/2018 12:07:55 PM

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | **SUMMONS 20 DAY CORPORATE SERVICE** | |
| ☐ DISTRICTS | **(a) GENERAL FORMS** | 2018-013783-CA-01 |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | |
|---|---|---|
| JELEN CARPIO, as personal representative of the estate of DIOGENES CARPIO, JR.,S | NCL (BAHAMAS) LTD., D-1 DAVIT INTERNATIONAL, INC., HATECKE SERVICE USA, LLC | VERIFIED RETURN OF SERVICE [ ] Personal service [ ] By leaving a copy with served: *Alisha Taylor* DATE 5-4-18 TIME 10:37A BY: *L. Lopez #2C* Under penalty of perjury, I declare that I have read the foregoing verified Return of Service and the facts stated in it are true |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): NCL (BAHAMAS) LTD.

by serving DANIEL S. FARKAS, Esq. as Registered Agent

~~7665~~ Corporate Center Dr. *7300* *ste. 100*

Miami, FL 33126

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Michael Winkleman

whose address is: Lipcon, Margulies, Alsina & Winkleman, P.A.

One Biscayne Tower, Suite 1776   Two South Biscayne Blvd.

Miami, FL  33131

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK OF COURTS | BY: | 5/10/2018 DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

PRINT   SAVE   RESET

CLK/CT. 314 Rev. 01/11

Clerk's web address: www.miami-dadeclerk.com

**EXHIBIT 4**

Filing # 71495159 E-Filed 05/01/2018 12:09:55 PM

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | (a) GENERAL FORMS | |
| ☐ DISTRICTS | | 2018-013783-CA-01 |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| JELEN CARPIO, as personal representative of the estate of DIOGENES CARPIO, JR.,S | NCL (BAHAMAS) LTD., D-I DAVIT INTERNATIONAL, INC., HATECKE SERVICE USA, LLC | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this

action on defendant(s): D-I DAVIT INTERNATIONAL, INC.

by serving KLASH, THOMAS W, CPA as Registered Agent

1909 Tyler Street #302

Hollywood, FL 33020

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: Michael Winkleman

whose address is: Lipcon, Margulies, Alsina & Winkeman, P.A.

One Biscayne Tower, Suite 1776   Two South Biscayne Blvd.

Miami, FL 33131

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN** **CLERK OF COURTS** | BY: _____ DEPUTY CLERK | 5/10/2018 DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

PRINT    SAVE    RESET

**EXHIBIT 1**

CLK/CT. 314 Rev. 01/11

Clerk's web address: www.miami-dadeclerk.com

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | (a) GENERAL FORMS | |
| ☐ DISTRICTS | | 2018-013783-CA-01 |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| JELEN CARPIO, as personal representative of the estate of DIOGENES CARPIO, JR.,S | NCL (BAHAMAS) LTD., D-I DAVIT INTERNATIONAL, INC., HATECKE SERVICE USA, LLC | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this

action on defendant(s): HATECKE SERVICE USA, LLC

by serving MARK E. FRIED, P.A. as Registered Agent

1110 Brickell Avenue, Suite 310

Miami, FL 33131

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: Michael Winkleman

whose address is: Lipcon, Margulies, Alsina & Winkeman, P.A.

One Biscayne Tower, Suite 1776    Two South Biscayne Blvd.

Miami, FL  33131

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK OF COURTS | BY: _____ DEPUTY CLERK | 5/10/2018 DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

PRINT    SAVE    RESET

Clerk's web address: www.miami-dadeclerk.com

**EXHIBIT 1**

| ☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |
|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | **(a) GENERAL FORMS** | |
| ☐ DISTRICTS | | 2018-013783-CA-01 |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | SERVICE |
|---|---|---|
| JELEN CARPIO, as personal representative of the estate of DIOGENES CARPIO, JR.,S | NCL (BAHAMAS) LTD., D-I DAVIT INTERNATIONAL, INC., HATECKE SERVICE USA, LLC | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): NCL (BAHAMAS) LTD.

by serving DANIEL S. FARKAS, Esq. as Registered Agent

7665 Corporate Center Dr.

Miami, FL 33126

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Michael Winkleman

whose address is: Lipcon, Margulies, Alsina & Winkeman, P.A.

One Biscayne Tower, Suite 1776    Two South Biscayne Blvd.

Miami, FL  33131

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN** **CLERK OF COURTS** | BY: _____ DEPUTY CLERK | 5/10/2018 DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

PRINT    SAVE    RESET

CLK/CT. 314 Rev. 01/11

Clerk's web address: www.miami-dadeclerk.com

**EXHIBIT 1**