UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:18-cv-22923-DPG

JELEN CARPIO,
as personal representative of the estate
of DIOGENES CARPIO, JR., S,

       Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

       *Defendants*.

_____/

**<u>DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND ALTERNATIVELY
FOR SUMMARY JUDGMENT</u>**

    Defendant, HATECKE SERVICE USA, LLC, ("Hatecke"), by and through undersigned counsel, moves for dismissal of all counts against it, and alternatively for summary judgment, and as grounds therefore states:

**I.  Introduction**

    Plaintiff has filed a 7-count Complaint arising out of the death of Diogenes Carpio during a rescue boat drill on the Norwegian *Breakaway* while docked in Bermuda. (See Complaint filed in the Circuit Court for Miami-Dade County attached hereto as Exhibit "A"). Two counts are asserted against Hatecke, alleging wrongful death under the Death on the High Seas Act ("DOHSA") (Count III), and wrongful death under the general maritime law (Count V). The claim under the general maritime law is improper because the facts alleged establish that to the extent any claim may be had against Hatecke, such claim would be subject to DOHSA, which is

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the exclusive remedy. Accordingly, Count V should be dismissed with prejudice. With respect to the claim under DOHSA, Plaintiff has failed to allege any breach of duty on the part of Hatecke, and further, seeks damages which are not recoverable under DOHSA. Moreover, summary judgment on that claim is appropriate as Hatecke had no responsibility for the equipment that caused the subject accident, nor did it employ Carpio or owe him any duty with respect to the circumstances leading to the subject incident. For the foregoing reasons, Hatecke respectfully requests that this Court dismiss Count V with prejudice, and enter summary judgment in Hatecke's favor on Count III, or alternatively, dismiss Count III.

## II. Applicable law

When an injury occurs on navigable waters, federal maritime law governs the substantive legal issues. *See Everett v. Carnival Cruise Lines, Inc.*, 912 F.2d 1355, 1358 (11th Cir.1990); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir.1989); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). Federal maritime law exclusively sets substantive liability standards, superseding state substantive liability standards. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959). It is not disputed this matter arises out of an alleged tort which occurred onboard a cruise ship on navigable waters and is therefore governed by U.S. general maritime law.

### III. The Death on the High Seas Act is the exclusive damages remedy for death on the high seas. Accordingly, Plaintiff's claims against Hatecke under the general maritime law should be dismissed

In Count V of the Complaint, Plaintiff seeks damages against Hatecke under the general maritime law. However, Plaintiff's exclusive avenue to pursue damages is the Death on the High Seas Act (DOHSA). In 1920, Congress enacted DOHSA, providing the exclusive damages remedy "whenever the death of a person shall be caused by wrongful act, neglect, or default

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

occurring on the high seas beyond a marine league from the shore of any state." The present day

statute states:

> When the death of an individual is caused by wrongful act, neglect, or default
> occurring on the high seas beyond 3 nautical miles from the shore of the United
> States, the personal representative of the decedent may bring a civil action in
> admiralty against the person or vessel responsible. The action shall be for the
> exclusive benefit of the decedent's spouse, parent, child, or dependent relative.

46 U.S.C. § 30302 (formerly 46 U.S.C. § 761). In the year 2000, Congress substituted the words

"3 nautical miles" for "a marine league" for clarity. DOHSA applies whenever the wrongful act

or neglect is alleged to have occurred on the high seas beyond 3 nautical miles from a U.S. shore,

even where the eventual death occurs ashore and not aboard a vessel. *See Howard v. Crystal*

*Cruises,* 41 F.3d 527 (9th Cir. 1994); *see also See Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228,

1230 n.4 (5th Cir. 1980) (noting that DOHSA applies "when the cause of action arises outside of

United States territorial waters and within the territorial waters of a foreign country"); *Ridley v.*

*NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355, 1359 (S.D. Fla. 2010) ("The Eleventh Circuit has

consistently interpreted DOHSA as applying to maritime incidents occurring within the

territorial waters of foreign states.") (citations omitted).

   It is well established that when DOHSA applies, it provides the exclusive remedy and neither

state wrongful death statutes nor the general maritime law may supplement DOHSA remedies.

The United States Supreme Court, the Eleventh Circuit Court of Appeals, and Florida state

courts have held that when an alleged negligent act resulting in death occurs on the high seas,

DOHSA provides the exclusive remedy to the exclusion of general maritime law and state

remedies. *See, e.g., Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207 (1986) (finding that

DOHSA preempts conflicting state wrongful death statutes); *Ford v. Wooten*, 681 F.2d 712 (11th

Cir. 1982) ("Where a cause of action exists for wrongful death under DOHSA, no additional

action exists under general maritime law for wrongful death…”); *Hughes v. Unitech Aircraft Service Inc.*, 662 So. 2d 999 (Fla. 4th DCA 1995) (“As appellant acknowledges, Florida’s wrongful death statute remedies are preempted by the remedies authorized by DOHSA.”); *Ray v. Fifth Transoceanic Shipping Co., Ltd.*, 529 So. 2d 1181 (Fla. 2d DCA 1988) (“[I]n light of DOHSA’s application in this case, appellant is barred from seeking recovery under the Florida Wrongful Death Act.”).

A DOHSA action “accrues at the time and place where an allegedly wrongful act or omission was consummated in an actual injury, not at the point where previous or subsequent negligence allegedly occurred.” *Zapata v. Royal Caribbean Cruises, Ltd.*, 12-21897-CIV, 2013 U.S. Dist. LEXIS 43487 at *13 (S.D. Fla. Mar. 27, 2013) (holding that the “question of whether [the cruise line’s] alleged wrongful acts or omissions occurred on land or on high seas is irrelevant, and DOHSA provides the only remedy to Plaintiff.”); *see also Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012); *Balachander v. NCL Ltd.*, 800 F. Supp. 2d 1196, 1201 (S.D. Fla. August 5, 2011).

Despite well-entrenched and overwhelming precedent holding that DOHSA is the exclusive remedy, Plaintiff attempts to assert claims and seek remedies under the general maritime law. The Complaint specifically alleges that the subject accident occurred “in navigable waters around Bermuda.” (Exhibit “A” at ¶12). Notwithstanding Carpio’s eventual passing at Jackson Memorial Hospital in Miami, it is the location of the accident itself that determines that DOHSA provides the exclusive remedy here. *See Ridley*.

Furthermore, in her plea for damages under Count V, Plaintiff seeks damages against Hatecke under the Jones Act. However, the Jones Act only permits a right of recovery by a seaman against his employer. *See Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 790;

1949 AMC 1031; 69 S. Ct. 1317; 93 L. Ed. 1692 (1949); *Daughtry v. Jenngy G. LLC*, 2016 U.S. Dist. LEXIS 119157, *2 (S.D. Fla. September 1, 2016) ("The Jones Act, 46 U.S.C. §§ 30104 *et. seq.*, provides seamen a right of recovery against their employer and only their employer."); *Potashnick-Badgett Dredging, Inc. v. Whitfield*, 269 So.2d 36, 41 (Fla. 4th DCA 1972). Hatecke was not the decedent's employer. *See* Affidavit of Andreas Heinrich attached hereto as Exhibit "B". Indeed, in her Complaint, Plaintiff alleges that the decedent worked for NCL (Bahamas) Ltd. at the time of the subject accident. Exhibit "A" at ¶3. As to Hatecke, Plaintiff alleges that it "provide[d] service, inspection and/or surveys on the subject davits and related equipment used aboard the *Breakaway*." Exhibit "A" at ¶9. There is no allegation that Hatecke employed Carpio. Accordingly, the Jones Act does not provide any remedy to the Plaintiff against Hatecke.

For the foregoing reasons, Count V for wrongful death under the general maritime law should be dismissed with prejudice.

### IV. Plaintiff has not sufficiently pled her claim under DOHSA

Plaintiff alleges alternatively a count captioned "Death on the High Seas Act (46 U.S.C. § 30301 et seq.) Against All Defendants." [Exhibit "A", Count III]. In the first instance, DOHSA is not, itself, a valid cause of action. Rather, DOHSA is a jurisdictional federal statute that allows a representative of anyone who perishes on the high seas to bring a cause of action against a defendant for a theory of recovery cognizable by a court sitting in admiralty jurisdiction. *See Barnett v. Carnival Corp.*, 2007 WL 1746900 at 2 (S.D. Fla. 2007) (*citing Best v. Honeywell, Inc.*, 491 F. Supp. 269, 270 (D. Conn. 1980) ("DOHSA merely authorizes an admiralty action, a party proceeding under DOHSA must allege a theory of recovery cognizable by a court sitting in admiralty jurisdiction."); *see also Complaint of American Dredging Co.*, 873 F.Supp. 1539, 1546 (S.D. Fla. 1994). Therefore, Plaintiff must adequately plead an underlying negligence claim.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Here, the only factual allegation made against Hatecke, as stated above, is that it provided inspection services and/or surveys on "the subject davits and related equipment." However, none of the alleged breaches of duty in Count III pertain to Hatecke, but rather, all of the allegations appear to pertain to other parties. For instance, Plaintiff alleges that the decedent died "due to the fault and negligence of Defendants, its employees and agents, and due to the unseaworthiness of the vessel" (sic) by, inter alia, "failure to use reasonable care to provide and maintain a safe place to work for Diogenes Carpio," failure to "properly instruct and train the crew members" and "failure to provide adequate crew." [Exhibit "A" ¶40]. None of these alleged breaches pertain to any action taken or not taken by Hatecke. Furthermore, to the extent Plaintiff alleges that any of the breaches alleged pertain to Hatecke, she has failed to differentiate her allegations as between each of the defendants, which in and of itself is sufficient reason to dismiss the Complaint. *See e.g. Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015) (describing as a shotgun pleading on which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions…"); *Clum v. Santos*, 2017 U.S. Dist. LEXIS 203264 (S.D. Fla. December 8, 2017).

To the extent the Court believes, nonetheless, that Plaintiff has adequately pled a claim against Hatecke, summary judgment should be granted. Plaintiff alleges that the subject accident occurred when "a wire on the davit snapped and/or broke." (Exhibit "A" ¶15). However, Hatecke was not responsible for the davit or wiring for which Plaintiff alleges Hatecke provided service and inspection. Hatecke only provided inspection services for the rescue boat itself, which is not alleged to have been a contributing cause of the accident. (Exhibit "B" and demonstrative photograph attached hereto as Exhibit "C"). Hatecke had no responsibility for, nor did it actually provide services for the davit system or the cable or tethering that allegedly failed. *Id*. Further,

Hatecke inspected the rescue boat following the alleged incident, and there was no failure of any component of the rescue boat. *Id*. Accordingly, Hatecke respectfully requests in the alternative that this Court grant summary judgment in its favor.

### V.  Plaintiff seeks damages that are not available in a DOHSA claim

Because DOHSA is the exclusive remedy available to Plaintiff, to the extent any of her claims survive this motion, her recoverable damages are limited by DOHSA, which only allows for recovery of pecuniary loss. *See Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 625 (1978) (holding the non-pecuniary loss standard provided by DOHSA controlled on the high seas and could not be supplemented by any other measure of damages). Pecuniary losses may include, if proved and reasonably certain, loss of support, loss of the services of the deceased, loss of inheritance, and recovery of funeral expenses. *See* 46 U.S.C. § 30303 (formerly 46 U.S.C. § 762). The statute does not, however, permit for recovery of the non-pecuniary losses of survivors, such as "love and affection" or "pain and suffering." Moreover, DOHSA pecuniary losses may not be supplemented by remedies under the general maritime law. *See Ford*, 681 F.2d at 714 (recognizing that loss of society damages cannot be recovered under the general maritime law where DOHSA is also applicable).

The Complaint here seeks damages "as allowed under the Death on the High Seas Act, 46 USC §30301 et seq., and/or any other applicable wrongful death and/or survival act, including but not limited to pecuniary losses, loss of support, past and future earnings, loss of services, loss of nurture and guidance of dependent children and family, funeral expenses, and all other damages allowable by law." [Exhibit "A" Count III, un-numbered "wherefore" clause]. Under DOHSA, these claimed damages cannot be recovered (with the exception of loss of support and services and funeral expenses) as they are not pecuniary losses of Carpio's surviving dependent

relatives. For this additional reason, should the Court not grant summary judgment, Hatecke requests that this Court dismiss Count V because it seeks damages which are not recoverable pursuant to DOHSA.

## VI. Conclusion

Plaintiff's claim against Hatecke for wrongful death under the general maritime law is improper, because the Death on the High Seas Act provides the exclusive remedy, and cannot be supplemented by the general maritime law. For this reason, Count V should be dismissed with prejudice. With respect to Plaintiff's DOHSA claim, Plaintiff has failed to adequately plead a basis for a finding of negligence against Hatecke, and seeks damages that are not recoverable under DOHSA. Moreover, and as set forth in the attached Declaration of Andreas Heinrich, Hatecke did not owe the decedent any duty which was breached at the time of the subject accident, and summary judgment in Hatecke's favor is appropriate.

WHEREFORE, the Defendant, HATECKE SERVICE USA, LTD. respectfully requests that this Court dismiss Count V against Hatecke with prejudice, and dismiss, or alternatively grant summary judgment in Hatecke's favor as to Count III.

Respectfully Submitted,

/s/ Robert M. Oldershaw
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Robert M. Oldershaw
Florida Bar No. 86071
roldershaw@hamiltonmillerlaw.com
Elisha M. Sullivan
Florida Bar No. 57559
esullivan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131

8

Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Hatecke Service USA, LLC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List.

/s/Robert M. Oldershaw
Robert M. Oldershaw

## SERVICE LIST

*Attorneys for Plaintiff*

Michael Winkleman, Esq.
Jason R. Margulies, Esq.
Adria G. Notari, Esq.
LIPCON, MARGULIES, ALSINA
& WINKELMAN, P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 1776
Miami, FL 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
anotari@lipcon.com

*Attorneys for Defendant, NCL (Bahamas) Ltd.*

Curtis J. Mase, Esq.
Adam Finkel, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drivee, Suite 800

*Attorneys for Hatecke Service USA, LLC.*

Jerry D. Hamilton
jhamilton@hamiltonmillerlaw.com.
Robert M. Oldershaw
roldershaw@hamiltonmillerlaw.com
Elisha M. Sullivan
Florida Bar No. 57559
esullivan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

9

Miami, FL 33133
Telephone: (305) 377-3770
cmase@maselaw.com
kfehr@maselaw.com
filing@maselaw.com
afinkel@maselaw.com
carbelaez@maselaw.com

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690