UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22923-GAYLES/OTAZO-REYES

JELEN CARPIO
as personal representative of the
estate of DIOGENES CARPIO, JR.,

    Plaintiff,

-vs-

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

    Defendants.
_____/

**D-I DAVIT INTERNATIONAL, INC.'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT,
AND INCORPORATED MEMORANDUM OF LAW**

Defendant D-I Davit International, Inc. ("Davit US"), by and through its undersigned counsel, hereby files its Motion to Dismiss the Complaint filed by Jelen Carpio ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(d) and 56, with incorporated Memorandum of Law, and in support thereof states as follows:

**PRELIMINARY STATEMENT**

The instant Motion stems from a simple fact: *Davit US is not the correct party*. Plaintiff's claims sound in tort arising out of equipment supposedly manufactured and serviced by Davit US on a vessel, the *Norwegian Breakaway*. However, Plaintiff's allegations fail to properly identify Davit US as the manufacturer, and the evidence demonstrates that Davit US was incorporated *after* the allegedly defective product was manufactured and installed, and it is an inactive corporation with no role in servicing this equipment. Instead, as Plaintiff's have been repeatedly informed, a

1

*German entity* is the correct party. Under applicable law, as Davit US falls outside the allegedly defective product's distributive chain, the claims against it must be dismissed.

## STATEMENT OF FACTS[1]

**I.      Plaintiff's Allegations**

1.      This is an action for damages allegedly "arising from the injuries, suffering and death" of decedent Diogenes Carpio, J.R. ("Decedent") that Plaintiff asserts against Defendants NCL (Bahamas) Ltd. ("NCL"), Davit US, and Hatecke Service USA, LLC ("Hatecke") (collectively, "Defendants"). (Compl., ¶ 1). Defendant NCL "owned, operated, managed and/or controlled the *Norwegian Breakaway*, and was the employer of [Decedent]." (Compl., ¶ 7).

2.      On July 20, 2016, the *Norwegian Breakaway* "was in navigable waters around Bermuda" with Decedent "working on board." (*Id.*, ¶ 12). On that day, Decedent was involved in accident involving a rescue boat during a life boat and rescue drill, which resulted in Decedent falling into the water, and ultimately being struck by the rescue boat. (Compl., ¶¶ 13-15).

3.      Plaintiff alleges that the accident occurred because the life boat utilized a "davit" mechanism, and that "a wire on the davit snapped and/or broke causing [Decedent] to fall …" (*id.*, ¶¶ 14-15). Plaintiff alleges that Decedent "sustained acute cardio respiratory failure from drowning, and died." (*Id.*, ¶ 17).

4.      Plaintiff alleges that Davit US "manufactured and sold" the davit used aboard the life boat on the *Norwegian Breakaway.* (*Id.*, ¶ 14).

---

[1]     The Statement of Facts is drawn from (i) Plaintiff's Complaint; (ii) the Declaration of Joachim Wiese, dated August 9, 2018 ("Wiese Dec."), and the exhibits annexed thereto; and (iii) the Declaration of Anthony Strasius, dated August 17, 2018 ("Strasius Dec."), and the exhibits annexed thereto. For the convenience of the Court and the parties, the Statement of Facts is set forth in separately numbered paragraphs to facilitate the parties' responses in the event the Court elects to convert this Motion into one for summary judgment.

2

**II.     The Complaint**

5.      Plaintiff filed her Complaint, dated April 27, 2018, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in an action styled *Jelen Carpio v. NCL (Bahamas) Ltd.*, *et al.*, Case Number 2018-013783-CA-01.  (Compl.)

6.      The Complaint contained four counts directed to Davit US. Count III of the Complaint asserts a cause of action under the Death on the High Seas Act, 46 U.S.C. § 30301 *et seq.*, alleging Defendants, including Davit US, owed Decedent a "duty of reasonable care" which they breached through their "negligence." (*Id.*, Count III, ¶¶ 39-40).

7.      Count V asserts a claim for Wrongful Death under the General Maritime Law, generally alleging that Davit US breached a "duty of reasonable care" by: (i) failing to provide, maintain, service, and inspect the "davit and/or related equipment"; (ii) failing to provide adequate warnings and instructions; and (iii) failing to use modern work methods and employ "mechanized aids, commonly available in other heavy industries …" (*id.*, Count V, ¶¶ 47-48).

8.      Count VI asserts a claim sounding in Strict Liability, alleging Davit US "manufactured, designed, marketed, sold and distributed" the davit installed in the *Norwegian Breakaway* that "failed to safely operate as intended."  (*Id.*, Count VI, ¶ 51).  Count VI alleges defective design, defective manufacturing, and defective warnings.  (*see id.*, ¶ 54).

9.      Count VII of the Complaint asserts a claim of Breach of Implied Warranty of Fitness for Merchantability and Fitness for Particular Purpose against Davit US, asserting Davit US breached these implied warranties by distributing, delivering, marketing and/or selling the defective davit …" (*id.*, Count VII, ¶¶ 57-58).

**III.    Davit US' Lack of Relationship to the *Norwegian Breakaway***

10.     Davit US "did not manufacture, design, market, sell, or distribute any davit or any equipment installed or otherwise located on the *Norwegian Breakaway*." (Wiese Dec., ¶ 5).

11. Davit US is a wholly owned subsidiary of d-i davit international GmbH ("Davit DE"), incorporated on October 22, 2013 in the State of Delaware. (Wiese Dec., ¶ 2).

12. It was not in operation at the time of the *Norwegian Breakaway*'s construction: construction began in September of 2011[2] and the shipyard delivered it April 25, 2013.[3] In fact, Davit US is currently an inactive corporation with no employees. (Wiese Dec., ¶ 3).

13. Davit US not only did not manufacture, design or sell the davits installed or located on the *Norwegian Breakaway*, but also "did not prepare or provide any manuals, policies or procedures in any way related to any davit or other equipment installed or otherwise located on the *Norwegian Breakaway*" and did not "install, service, maintain, inspect, or perform any other services in any related to any davit or other equipment installed or otherwise located on the *Norwegian Breakaway*." (Wiese Dec., ¶¶ 6-7)

14. The davits installed on the *Norwegian Breakaway* were instead manufactured and sold by Davit DE in Germany. (*Id*., ¶ 8).

**IV.   Plaintiff's Counsel Learned that the Complaint Named the Incorrect Entity**

15. Davit US's counsel contacted Plaintiff's counsel and informed them the Complaint named the incorrect entity: on June 18, 2018, Anthony Strasius, of the law firm Wilson, Elser, Moskowitz, Edelman & Dicker LLP ("Wilson Elser") contacted Michael Winkleman of Lipcon, Margulies, Alsina & Winkleman, P.A. ("Lipcon"), to "advise[] that [Davis US] is not the correct defendant in this case, in that it did not deliver or install or manufacture the davit[s] in question for this vessel" and to state that Wilson Elser was "willing to provide [Lipcon] with the name of

---

[2] *Norwegian Breakaway, the Largest Ship Ever Constructed in Germany, Floats Out from Building Dock*, NORWEGIAN CRUISE LINES (Feb. 26, 2013), https://es.ncl.com/press-releases/norwegian-breakaway-largest-ship-ever-constructed-germany-floats-out-building-dock
[3] *Meyer Werft Delivers Norwegian Breakaway*, MEYER WERFT (Apr. 25, 2013), https://www.meyerwerft.de/en/meyerwerft_de/medien/pressetickter/pressemitteilung_detail_10240.jsp

4

the correct manufacturer located in Germany if [Plaintiff would] voluntarily dismiss [Davit US]." (Strasius, Dec., ¶¶ 7-8; Ex. A, p. 2).  Additionally, Davit US requested an extension until Monday, July 30, 2018 to respond to the Complaint. (*Id*., Ex. A, p. 2)

16.     In response, Plaintiff's counsel confirmed the extension and requested information regarding the proper defendant. (*Id*., p. 1).

17.     Accordingly, on July 24, 2018, Wilson Elser provided Lipcon with documentation demonstrating that Davit DE sold the davits in question. (Strasius Dec., Ex. B, p. 4).

18.     On August 7, 2018, Wilson Elser contacted Lipcon to request an update, noting the waste of resources that would result if Plaintiff elected to "continue pursuing the incorrect entity." (*Id*., p. 2).

19.     Lipcon responded that Plaintiff was not willing to "swap out the defendants" citing the need to better "understand the relationship, if any" between the entities. (*Id*.)

20.     Wilson Elser offered to produce an affidavit providing further detail. (*Id*., p. 1) Additionally, to further facilitate the naming of the proper party, Wilson Elser offered to recommend to Davits DE that it waive service of the Complaint, subject to preserving all defenses, under the 1965 Hague Convention of Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") in return for discontinuing the action against the U.S. entity. (*Id*.) Lipcon replied that an affidavit would "weigh heavily in [their] decision." (*Id*.)

21.     Accordingly, on August 8, 2018, Wilson Elser provided Lipcon with the Wiese Declaration (*id*., p. 1), which (i) testified to Davits US having only been incorporated in 2013 and having no involvement in the sale, installation, service or maintenance of the davits or equipment located on the *Norwegian Dream*, and (ii) attached Davits US' tax filings demonstrating that it had no corporate operations and was thus inactive. (*See* Wiese Declaration, *generally*, and Ex. A).

5

## V. Additional Procedural History

22.     While Wilson Elser was engaged in discussions with Plaintiff's counsel, on July 19, 2018, Defendant NCL filed a Notice of Removal removing the state court action to this Court. (Dkt. #1). The matter was assigned to Judge Darrin P. Gayles. (Dkt. #2).

23.     On July 30, 2018, noting the removal, Wilson Elser requested an additional twenty (20) days to respond to the Complaint, which Plaintiff did not oppose. (Strasius Dec., Ex. B, p. 3). Davit US accordingly filed an unopposed Motion for Extension of Time to File its Response, Reply, or Answer (Dkt. #10), and on July 31, 2018 this Court subsequently entered a reset deadline on the docket requiring Davit US to file its response by August 17, 2018.

24.     To date, Plaintiff has declined to discontinue the action against Davit US and proceed only against the proper party, Davit DE, necessitating the instant Motion.

## ARGUMENT

### I. Legal Standard

A court may dismiss a complaint "for failure upon which relief can be granted." Fed. R. Civ. P. 12. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Here, dismissal is warranted under Rule 12(b)(6) as Plaintiff's conclusory assertion that Davit US was the "manufacturer" lacks sufficient detail identifying the basis of their knowledge or supporting their identification of the company.

In the alternative, if the Court credits this conclusory allegation, then the evidence establishes that Davit US had no role in the manufacture, installation, and service of the davits. Where a party presents evidence outside the pleadings on a 12(b)(6) motion, the court may consider the matters by converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Crystal Colony Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 6 F. Supp. 3d 1295, 1297 (S.D. Fla. 2014). Summary judgment shall be entered if the record, including pleadings, documents, and declarations, or affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1246-47 (11th Cir. 1999). A "genuine issue" exists only where the evidence is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986).

**II.     Governing Law Requires a Connection between the Injurious Product and Davit US**

Plaintiff's claims against Davit US sound in strict products liability and breach warranty,[4] as well as in negligence.[5] Each of Plaintiff's claims against Davit US therefore center on allegations that Decedent's injuries were the result of an allegedly defective product, namely the davits installed on the *Norwegian Breakaway*. Consequently, each shares a requisite precondition: Davit US must bear some relation to the defective product.

Without this connection, a Plaintiff cannot assert a claim. "It is aphoristic that a plaintiff cannot prevail on claims for negligence, breach of warranty or strict liability, unless the plaintiff establishes that the product which allegedly caused the plaintiff's injury was manufactured or sold

---

[4]     (*See* Compl., Counts VI and VII).
[5]     (*See* Compl., Count III III, ¶ 40) (asserting Decedent died through Davit US' "negligence"); *see also* (*id.*, Count V, ¶ 47-48) (claiming that Davit US' "acts and/or omissions" breached a "duty of reasonable care" owed to Decedent.)

7

by the defendant." *Liggett Group, Inc. v. Engle*, 853 So.2d 434, 467 n. 46 (Fla. DCA 2003), *aff'd in part, rev'd in part on other grounds*, *Engle v. Liggett Group, Inc.*, 945 So.2d 1246 (Fla. 2006). Proper defendants are thus the "manufacturers, as well as to others in the distribution chain, including retailers, wholesalers, distributors, and, most recently, commercial lessors." *Samuel Friedland Family Enters. v. Amoroso*, 630 So.2d 1067, 1068 (Fla.1994). Ultimately, it is well-settled that as "a necessary precursor" to such tort claims, "a plaintiff must establish that it has properly identified the defendant as actually being within the distributive chain of the product which caused injury." *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1378 (M.D.Fla. 2009). An inability to do so warrants dismissal.[6]

### III. Dismissal Is Warranted as Davit US Was Not Part of the Distributive Chain

This elementary requirement warrants dismissal, either under Rule 12 or Rule 56, because Davit US did not manufacture, sell, or service the davits installed on the *Norwegian Breakaway*.[7] After all, "[a] defendant cannot be liable" in tort "if the plaintiff did not use its product." *Belanger v. RJ Reynolds Tobacco Co.*, 2009 WL 10439787 (Fla. 8th Cir. Ct. Jan. 7, 2009).

Dismissal at the motion to dismiss stage is appropriate because Plaintiff's allegations linking Davit US to the product are insufficient. Plaintiff merely conclusorily asserts that Davit US manufactured the davits (Compl., ¶ 8), but provides absolutely no factual matter establishing what their basis of knowledge is or how they identified Davit US. For all the detail provided, Plaintiff could have written in any name, rendering its allegation conclusory and speculative.

---

[6] *See Echols v. RJ Reynolds Tobacco Co.*, 2014 WL 5305633 (S.D.Fla. Oct. 14, 2015) (dismissing claims of negligence and strict products liability against tobacco product manufacturer where plaintiff could not allege when plaintiff allegedly consumed the manufacturer's products).
[7] *Howe v. Wyath Inc.*, 2010 WL 1708857 (M.D.Fla. Apr. 26, 2010) (plaintiff could not assert strict liability claims against defendants who did not manufacture the product that injured plaintiff.)

8

1164003v.1

Additionally, and in the alternative, summary judgment is required because it is beyond cavil that Davit US was not involved. The davits in question were manufactured by *Davits DE* in Germany (Wiese Dec., ¶ 8), and it was Davit DE who serviced the *Norwegian Breakaway* (Strasius Dec., Ex. B, p. 4). Davits US had no role in the davits' manufacture, design, sale, distribution, marketing, installation, service, or maintenance. (Id., ¶¶ 5, 7). Indeed, Davit US could not possibly have any relation to the davits. Public press releases (all equally available to Plaintiff) announced that construction on the *Norwegian Breakaway* commenced in 2011 and, at latest, concluded April 25, 2013 with delivery of the vessel to NCL. (*See* Statement of Facts, Part III, notes 2 and 3, *supra*, at p. 4). Davit US, however, was not incorporated until October 22, 2013, *nearly six months later.* Moreover, Davit US is an *inactive* corporation with no employees or operations. (Wiese Dec., ¶ 3; *see also id.*, Ex. A).

It is therefore impossible for Davits US to have manufactured, sold or installed the davits during the vessel's construction, and it could not have been involved in their subsequent servicing. Thus, Davit US is nowhere within the allegedly defective product's chain of distribution, requiring dismissal. *See, e.g., Siemens Energy & Automation, Inc. v. Medina*, 710 So. 2d 312 (Fla. 3d DCA 1998) (dismissing claims against party who "was not a part of the distributive chain … neither a distributor nor a retailer."); *Manely-Deboer Lumber Co. v. Georgia-Pacific Corp.*, 897 So.2d 528 (Fla. DCA. 2005) (affirming dismissal of claims against alleged suppliers of defective product where consumer could not identify that any of the alleged suppliers provided the defective product that plaintiff claimed caused his injury); *Scheckells v. AGV-USA Corp.*, 987 F.2d 1532, 1533 n. 2 (11th Cir. 1993) (noting "District Court correctly granted summary judgment in favor of [a defendant] on the ground that the undisputed evidence show[ed] that [the defendant] did not manufacture the [defective product] and was not part of the chain of distribution.").

### IV. Plaintiff's Counsel is Fully Aware of Its Error

Davit US's counsel repeatedly informed Plaintiff's counsel that they are pursuing the wrong entity, and has provided them with the documents and testimony demonstrating this. (*See generally* Strasius Dec. and Ex. A). Furthermore, Davit US' counsel has attempted to facilitate Plaintiff's substituting in the proper party. Davit US's counsel not only identified Davit DE, but also proposed advising Davit DE to waive service under the Hague Convention if Plaintiff's counsel would discontinue its misdirected claims against Davit US. Despite Davit US' efforts, Plaintiff's counsel has refused. However, Plaintiff's counsel's obstinacy is no justification for Davit US to remain in this action when the weight of the law holds otherwise.

### CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court enter an Order dismissing the claims against Davit US with prejudice.

Respectfully submitted,

___/s/ Anthony Strasius_____
Anthony P. Strasius
Florida Bar No. 988715
anthony.strasius@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
100 Southeast Second Street – Suite 34800
Miami, Florida 33131-2144
Tel. (205) 374-4400
Fax (305) 579-0261

*Attorneys for D-I Davit International, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 17, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Michael Wikleman, Esq.<br>Jason R. Margulies, Esq.<br>Adria G. Notari, Esq.<br>LIPCON, MARGULIES, ALSINA &<br>WINKLEMAN, P.A.<br>One Biscayne Tower<br>2 South Biscayne Blvd., Suite 1776<br>Miami, FL 33131<br>Tel. (305) 373-3016<br>Fax (305) 373-6204<br>mwinkleman@lipcon.com<br>jmargulies@lipcon.com<br>anotari@lipcon.com<br><br>*Attorneys for Plaintiff*<br>*Jelen Carpio* | Jerry D. Hamilton, Esq.<br>Robert M. Oldershaw, Esq.<br>Elisha M. Sullivan, Esq.<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>150 Southeast Second Avenue, Suite 1200<br>Miami, FL 33131<br>Tel. (305) 379-3686<br>Fax (305) 379-3690<br>jhamilton@hamiltonmillerlaw.com<br>roldershaw@hamiltonmillerlaw.com<br>esullivan@hamiltonmillerlaw.com<br><br>*Attorneys for Defendant*<br>*Hatecke Service USA, LLC* |

Curtis J. Mase, Esq.
Adam Finkel, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drive, Suite 800
Miami, FL 33133
cmase@maselaw.com
afinkel@maselaw.com

*Attorneys for Defendant*
*NCL (Bahamas) Ltd.*

1164003v.1