UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22923-GAYLES/OTAZO-REYES

JELEN CARPIO
as personal representative of the
estate of DIOGENES CARPIO, JR.,

    Plaintiff,

-vs-

NCL (BAHAMAS) LTD.,
D-1 DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

    Defendants.
_____/

### DECLARATION OF ANTHONY P. STRASISUS
### IN SUPPORT OF D-I DAVIT INTERNATIONAL, INC.'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
### OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I, Anthony P. Strasius, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

    1.    I am a partner at the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP ("Wilson Elser"), 100 Southeast Second Street – Suite 34800 Miami, Florida 33131-2144 and counsel for D-I Davit International Inc. ("Davits US") in this action.

    2.    In my capacity as counsel for Davits US, I am fully familiar with the facts set forth herein, based on my personal knowledge and review of the files and pleadings in this and related actions.

    3.    I submit this Declaration support of Davit US' Motion to Dismiss the Complaint filed by Plaintiff Jelen Carpio ("Plaintiff") as representative of decedent Diogenes Carpio, JR. ("Decedent"), or, in the alternative, Motion for Summary Judgment.

1

9226113v.1

4. Davit US makes this Motion on the ground that Davit US is not within the distributive chain of the product – davits installed onboard the vessel *Norwegian Breakaway* – that Plaintiff alleges caused Decedent's injury in her claims against Davit US. (*See* Compl., Counts III, V, VI, and VII)

5. As set forth in the accompanying Declaration of Joachim Wiese, Davit US is an inactive corporation that did not manufacture, sell, distribute, install, service or maintain the davits installed or located on the *Norwegian Breakaway*, and otherwise had no role involving them. (*See* Joachim Dec., *generally*).

6. As counsel for Davits US, I informed Plaintiff's counsel, Lipcon, Margulies, Alsina & Winkleman, P.A. ("Lipcon") of this fact.

7. On June 18, 2018, I contacted Lipcon by e-mail to memorialize a telephone conversation with Lipcon attorney, Michael Winkleman. In that e-mail, I wrote to request an extension of time for Davit US to respond to Plaintiff's Complaint, and to advise Lipcon that Davit US was not the correct defendant, because it did not deliver, install, or manufacture the Davits in question.

8. Additionally, I informed Lipcon that we were willing to identify the correct defendant. Winkleman responded to confirm the extension, and to request documentation so that he could "look into the issue about the proper defendant."

9. A true and correct copy of this correspondence is annexed hereto as Exhibit A.

10. On July 24, 2018, I provided Winkleman with the pertinent documentation demonstrating that Davits US had no responsibility for the davits onboard the *Norwegian Breakaway*, and that it was d-i davit international GmbH ("Davit DE") that sold and serviced the davits.

9226113v.1

11. A true and correct copy of this correspondence, and follow up communications with Winkleman, is annexed hereto as Exhibit B.

12. Subsequently, Steven Jones, an associate a Wilson Elser, contacted Winkleman on August 7, 2018 to request an update, and note the "waste of time and money" that would result if Plaintiff's counsel continued to pursue "the incorrect entity." (Exhibit B, p. 2).

13. Lipcon responded that Plaintiff was not willing to "swap out the defendants" citing the need to better "understand the relationship, if any" between the entities. (*Id.*)

14. Wilson Elser offered to produce an affidavit providing further detail. (*Id.*, p. 1) Additionally, to further facilitate the naming of the proper party, Wilson Elser offered to recommend to Davits DE that it waive service of the Complaint, subject to preserving all defenses, under the 1965 Hague Convention of Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") in return for discontinuing the action against the U.S. entity. (*Id.*) Lipcon replied that an affidavit would "weigh heavily in [their] decision." (*Id.*)

15. Accordingly, on August 8, 2018, Wilson Elser provided Lipcon with the Wiese Declaration (*id.*, p. 1), which (i) testified to Davits US having only been incorporated in 2013 and having no involvement in the sale, installation, service or maintenance of the davits or equipment located on the *Norwegian Dream*, and (ii) attached Davits US' tax filings demonstrating that it had no corporate operations and was thus inactive. (*See* Wiese Declaration, *generally*, and Ex. A).

16. However, even after receiving the sales documentation, Wiese Declaration, and the Wiese Declaration's exhibits, all showing that Davit US is not the proper party, Plaintiff's counsel has refused to discontinue the action against Davit Us, necessitating the instant Motion.

17. For the foregoing reasons, and those set forth in the accompanying Memorandum of Law, Davit US respectfully requests that this Court enter an order dismissing Plaintiff's claims against Davit US with prejudice.

18. I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of August 2018.

_____
Anthony P. Strasius

9226113v.1