UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22923-DPG

JELEN CARPIO,
as personal representative of the
estate of DIOGENES CARPIO, JR.,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR REMAND

COMES NOW, the Plaintiff, Jelen Carpio, by and through the undersigned counsel, hereby files her Motion for Remand, and states:

### Introduction

Decedent Diogenes Carpio, Jr. was killed when, as a result of the Defendants' negligence, he plummeted six stories into the water during a life boat drill. Plaintiff brought a wrongful death action in state court against Decedent's employer and shipowner NCL (Bahamas) Ltd. ("NCL"), D-1 Davit International, Inc. ("D-1 Davit") the davit manufacturer, and Hatecke Service USA, LLC ("Hatecke"), the company that inspected, maintained and served the ship's davits.

On July 19, 2018, NCL removed this case to federal court pursuant to 9 U.S.C. §205 on the grounds that Plaintiff is required to arbitrate this matter and that the Parties had already entered

into an *allegedly* binding settlement in the Philippines[1].  NCL then filed its Motion to Dismiss and to Compel Arbitration. [D.E. 5].  Plaintiff's response to the Motion to Compel is due on or before August 29, 2018[2].  [D.E. 15].

As set forth below, the settlement reach in the Philippines is not a legally binding settlement.  Thus, the issue before this Court is whether a valid settlement exists.  As there is nothing to be arbitrated, 9 U.S.C. §205 is inapplicable.  NCL has not met is burden to establish its right to remove and this matter should properly be remanded.

## Background

1. On July 20, 2016, Decedent suffered life-threatening injuries while participating in a lifeboat drill.

2. Plaintiff was contacted by attorney Carmela G. Magpantay who works as in-house counsel C.F. Sharp Crew Management, Inc., NCL's manning agent in the Philippines.  On behalf of NCL, Attorney Magpantay offered to pay the Plaintiff the death benefits she was contractually entitled to receive.  NCL would have been contractually obligated to pay these same death benefits even if Decedent had simply died in his sleep while aboard the vessel.

3. On November 8, 2016, attorney Magpantay accompanied Plaintiff at the offices of Department of Labor and Employment, National Labor Relations Commission ("NLRC"), where

---

[1] Defendant did not assert any other grounds for removal.  Any further grounds for removal which were possibly available are now time-barred.

[2] Defendants Hatecke and D-1 Davit each filed a Motion to Dismiss the Complaint and Alternatively Motion for Summary Judgment. [D.E. 12 and D.E. 20].  Neither Hatecke nor D-1 Davit argued (nor could they) that this matter must be arbitrated. Moreover, neither Defendant even has any grounds to remove this matter to federal court. *Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996 (9th Cir. 2017)(non-signatory repair company does not possess the right to compel arbitration).  Plaintiff's response to Defendant's Motions are due August 30, 2018 and August 31, 2018, respectfully.

- 3 -

she assisted the Plaintiff in filing a Complaint to initiate the arbitration. (Exhibit 1)

4. At the NLRC offices, attorney Magpantay had the Plaintiff execute the Release of All Claims, Receipt of Payment and the Joint Motion to Dismiss, all documents that she had prepared in advance. The executed documents were submitted to the Labor Arbitrator who rubber-stamped approval of the so-called settlement. (Composite Exhibit 2)

5. At no time did the Plaintiff, who was still grieving over the tragic loss of her husband and trying to raise her young children, ever have the benefit of her own legal representation.

6. The Release of All Claims, Receipt of Payment and Joint Motion to Dismiss that attorney Magpantay manipulated the Plaintiff into signing were not freely executed in good faith, at arms-length, or in a manner to ensure that the Plaintiff understood her legal rights.

7. Attorney Magpantay did not use the approved Model Receipt and Release Form For Contractual Claims contained in the Collective Bargaining Agreement ("CBA") (Exhibit 3). Rather, attorney Magpantay prepared documents which the Plaintiff unknowingly and uncomprehendingly released NCL and C.F. Sharp Crew Management, Inc., from any and all claims she might have for the death of her husband.

8. Under the terms of the settlement, Plaintiff received the death benefits that NCL was contractually obligated to pay under the terms of Decedent's employment contract. The same contractual death benefits NCL would have been obligated to pay if Decedent simply died in his sleep while working aboard the vessel. The Plaintiff received no new consideration for the Release of any claims against NCL beyond those it was contractually obligated to pay.

9. This Court only need to look to NCL's dealings with Geraldine Buenaventura, the widow of a crewmember who was also killed in the same life boat accident, to show how the

Plaintiff was manipulated and mislead. Ms. Buenaventura also received the death benefits NCL was contractually obligated to pay. The difference is that Ms. Buenaventura was represented by counsel who ensured that she executes the approved Model Receipt and Release Form contained in the CBA which specifically preserved her rights to "pursue any claim at law in the respect to negligence, tort, or other legal redress available." (Exhibit 4)

10. Alternatively, Labor Arbitrator's rubber-stamped approval of the so-called settlement should be deemed that decision of the arbitrator. The Plaintiff is entitled to raise her public policy defense at the post-arbitration enforcement stage. *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257 (11th Cir. 2011); *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614 (1985).

## Memorandum

The removing party has the burden of establishing the right to remove. *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *See Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron and Steel Co.,* 257 U.S. 92 (1921)). Moreover, because removal implicates significant federalism concerns, courts are obligated to construe removal jurisdiction strictly. *Lontz v. Tharp,* 413 F.3d 435, 440 (4th Cir. 2005). All doubts about the propriety of removal should be resolved in favor of retaining state court jurisdiction. *See Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999); *In re Hot-Hed Inc.,* 477 F.3d 320, 323 (5th Cir. 2007).

The Supreme Court concisely held that "except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts". *Romero v. International Terminal Operating Co*, 358 U.S. 354, 363, (1959). This principle remains as entrenched today as it was fifty years ago. Relying on the dictates of *Romero*, the Fifth Circuit recently stated:

> . . . even though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court. [citing *Romero*] Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, [citing *Romero*], and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship.

*Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (emphasis added).

As there is nothing that is required to be arbitrated, 9 U.S.C. §205 is inapplicable and NCL has not met is burden to establish its right to remove. This matter should properly be remanded.

WHEREFORE, the Plaintiff, Jelen Carpio, respectfully moves this Court for entry of an Order remanding this matter back to 11th Circuit Court in and for Miami Dade County, Florida.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
**CAROL L. FINKLEOFFE**

**SERVICE LIST**
*Buenaventura v. NCL (Bahamas) Ltd. et. al.*
case no.: 18-cv-22922-KMM

| | |
|---|---|
| **Michael Winkleman, Esq.** <br> Florida Bar No.: 36719 <br> mwinkleman@lipcon.com <br> **Carol L. Finklehoffe, Esq.** <br> Florida Bar No.: 0015903 <br> cfinklehoffe@lipcon.com <br> LIPCON, MARGULIES, <br> ALSINA & WINKLEMAN, P.A. <br> One Biscayne Tower, Suite 1776 <br> 2 South Biscayne Boulevard <br> Miami, Florida 33131 <br> Telephone No.: (305) 373-3016 <br> Facsimile No.: (305) 373-6204 <br> *Attorneys for Plaintiff* | **Jerry D. Hamilton, Esq.** <br> Florida Bar No.: 970700 <br> jhamilton@hamiltonmillerlaw.com <br> **Robert M. Oldershaw, Esq.** <br> Florida Bar No.: 86071 <br> roldershaw@hamiltonmillerlaw.com <br> **Elisha M. Sullivan, Esq.** <br> Florida Bar No.: 57559 <br> esullivan@hamiltonmillerlaw.com <br> 150 S.E. 2nd Avenue, Suite 1200 <br> Miami, Florida 33131 <br> Tel: (305) 379-3686 <br> Fax: (305) 379-3690 <br> *Attorneys for Defendant Hatecke Service USA, LLC* |
| **Anthony P. Strasius, Esq.** <br> Florida Bar No.: 988715 <br> Anthony.strasius@wilsonelser.com <br> **Steven C. Jones, Esq**. <br> Florida Bar No.: 107516 <br> Steven.jones@wilsonelser.com <br> Wilson, Elser, Moskowitz, <br> Edelman & Dicker, LLP <br> 100 Southeast Second Street, Suite 3800 <br> Miami, Florida 33131 <br> Tel: (305) 374-4400 <br> Fax: (305) 579-0261 <br> *Attorneys for Defendant D-1 Davit International, Inc.* | **Curtis Mase, Esq.** <br> Florida Bar No.: 73928 <br> cmase@maselaw.com <br> kfehr@maselaw.com <br> **Cameron W. Eubanks, Esq.** <br> Florida Bar No.: 85865 <br> ceubanks@maselaw.com <br> rcoakley@maselaw.com <br> **Adam Finkel** <br> Florida Bar No.: 101505 <br> afinkel@maselaw.com <br> MASE, MEBANE & BRIGGS <br> 2601 S. Bayshore, Drive, Suite 800 <br> Miami, Florida 33133 <br> Telephone: (305) 377-3770 <br> Facsimile: (305) 377-0800 <br> *Attorneys for Defendant NCL (Bahamas) Ltd.* |