UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:18-cv-22923-GAYLES/OTAZO-REYES

JELEN CARPIO,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND [ECF 17]**

Defendant, NCL (Bahamas) LTD. ("Norwegian"), by and through undersigned counsel, hereby responds in opposition to Plaintiff's motion to remand,[1] and states:

**Background**

Diogenes Carpio ("Decedent"), a Filipino citizen, was employed as a crewmember onboard Norwegian's cruise ship the *Breakaway*. Decedent died during a 2016 rescue boat drill. Plaintiff, Decedent's wife, initiated an arbitration proceeding against Norwegian in the Philippines as she was required to do based on Decedent's employment agreement and collective bargaining agreement. Plaintiff and Norwegian settled the arbitration, and Plaintiff released any and all her claims against Norwegian. Despite this, Plaintiff retained Florida lawyers and sued Norwegian and two other defendants in Florida state court. Norwegian removed this action to this Court to compel Plaintiff's dispute back to arbitration under the employment agreement, the

---

[1] Plaintiff filed an amended complaint after filing her motion to remand. Norwegian's response is not due yet, but it will again likely move to compel this dispute to arbitration under the New York Convention Act.

**MASE MEBANE & BRIGGS**

collective bargaining agreement, and the release. As outlined below, this Court must grant Norwegian's motion.

Decedent's employment with Norwegian was governed by terms and conditions set forth in his employment agreement. Decedent, as a Philippine citizen, was hired to work onboard Norwegian's ship through the Philippine government. The Philippines Overseas Employment Administration ("POEA"), a division of the Department of Labor and Employment, promulgates numerous rules and regulations for the employment of Filipino citizens at sea.

Decedent was required to submit any dispute against Norwegian to binding and mandatory arbitration in the Philippines with the POEA. [ECF No. 5-1, p. 1 ¶ 2]. His POEA-approved employment agreement incorporates "Governing Board Resolution No. 9 and Memorandum Circular No. 10, both Series of 2010" by reference, stating that they "shall be strictly and faithfully observed." [*Id*. p. 1 ¶ 2]. The POEA requires "the parties covered by a collective bargaining agreement shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of voluntary arbitrators." [ECF No. 5-2 10 § 29].

Decedent's collective bargaining agreement likewise mandated that he submit disputes with Norwegian to arbitration. The agreement provides that "[a]ny and all claims, grievances and disputes of any kind whatsoever . . . shall be referred to and resolved exclusively by binding arbitration[.]" [ECF No. 5-3 Art. 29].

As a result of the multiple mandatory arbitration agreements, Plaintiff initiated arbitration against Norwegian in the Philippines through the POEA following Decedent's death. The parties ultimately settled and Plaintiff executed a "Release of all Rights" in exchange for a monetary settlement. The parties agreed that the release "shall in all respects be governed by the laws of the Philippines including all matters of construction and validity. I further agree that any disputes

arising from this settlement agreement shall be referred to the competent court or authorities of the Philippines, to the exclusion of any other forum." [ECF No. 1-3 p. 3; ECF No. 5-4].

The Release was executed as part of the arbitration proceedings, and Plaintiff signed same before the Labor Arbiter/Administering Officer. [ECF No. 5-4 p. 4]. The Release, a seaman's "red-letter" release, required Plaintiff to fill in certain portions in her own handwriting to show she knew what she was doing. She wrote that she was releasing Norwegian, that she was releasing all her rights against it, that she read the Release, knew what it was, and knew that signing same "settles and ends EVERY right or claim you may have, whether it be based on contract, tort or on other grounds." [ECF No. 5-4 p. 4]. The POEA arbitrator accepted the Release and granted the joint motion to dismiss the Filipino arbitration proceedings with prejudice.

Plaintiff had a subsequent change of heart. Now represented by Florida attorneys, she brought suit in Florida state court, alleging a survival action under the Jones Act, a Death on the High Seas Act claim, and unseaworthiness. She contended that the release was not supported by consideration because she received $130,000, to settle her claims against Norwegian. [ECF No. 1-2 p. 13 ¶ 25]. She contended that the settlement amounted to the death benefit she was already entitled to under Decedent's collective bargaining agreement. [*Id*.]. Norwegian removed this action to compel it back to arbitration from where it came.

## Memorandum of Law

Section 205's removal mechanism provides state court defendants with arguably the broadest removal statute existing in the U.S. Code. Congress sought to have all Convention Act arbitration cases resolved in federal court due to the "concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the

international commercial system for predictability in the resolution of disputes [which] underlie accession to the Convention." *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629 (1985).

Typically, "out of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003). "However, §205, the removal provision at issue in the instant case, is not subject to this same restriction because Congress intended §205 to provide for 'easy removal' and to 'confer jurisdiction liberally.'" *Goel v. Ramachandran*, 823 F. Supp. 2d 206, 209 (S.D.N.Y. 2011) (quoting *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002)). "[T]he general rule of construing removal statutes strictly against removal cannot apply to [Convention Act] cases because in these instances, Congress created special removal rights to channel cases into federal court[.]" *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006).

Plaintiff contends that this Court lacks removal jurisdiction because he argues that this dispute should not be compelled to Convention Act arbitration. Whether the case was properly removed under the Convention and whether it should be compelled to arbitration are separate inquiries.[2] *Beiser*, 284 F.3d at 669-73. This Court undoubtedly has removal jurisdiction. Under §205, a case need only "relate to" an arbitration agreement under the Convention Act to be removable. *Id*. "The phrase 'relates to' generally conveys a sense of breath." *Id*. (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). The Fifth Circuit's opinion in *Beiser* demonstrates

---

[2] As the inquiries are separate, this Court should rule on Norwegian's motion to compel arbitration first under separate Order before ruling on Plaintiff's motion to remand. [ECF No. 1-4]. *Beiser*, 284 F.3d at 669-73. Orders remanding cases for lack of subject matter jurisdiction are typically not appealable. *See id*. Resolving the motions separately, with the motion to compel arbitration first, will preserve Norwegian's appellate rights should this Court deny the motion to compel arbitration. *See id*. This is in keeping with the policies underlying Congress' accession to the Convention Act. *Id*. at 673 ("denying defendants' appellate review over the refusal to enforce an arbitration clause under the Convention would be in tension with the solicitude with which federal law generally treats arbitration.")

the remarkably low threshold that a state court defendant must demonstrate to show that removal under §205 was proper and permissible. In finding that a district court possessed removal jurisdiction over a Convention Act case, the Fifth Circuit reasoned:

> [W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit. Thus, the district court will have jurisdiction under §205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to.'

*Id*. at 669 (emphasis in original). While the Eleventh Circuit seeming did not address this specific issue, it cited *Beiser* with approval in *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005), the seminal opinion affirming Convention Act arbitration for foreign seaman disputes with their employers. Norwegian's pursuit of arbitration meets this low threshold. This Court has removal jurisdiction over this case based on §205. *Id*.; *see also Acosta*, 452 F.3d at 373.

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: /s/ *Cameron W. Eubanks*
SCOTT P. MEBANE
Florida Bar No. 273030
smebane@maselaw.com
CAMERON W. EUBANKS
Florida Bar No.: 85865
ceubanks@maselaw.com
filing@maselaw.com

CASE NO.: CASE NO: 1:18-cv-22923-GAYLES/OTAZO-REYES

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Cameron Eubanks*
CAMERON EUBANKS

## SERVICE LIST

Michael A. Winkleman, Esq.
Jason R. Margulies, Esq.
Lipcon, Margulies, Alsina & Winkleman, P.A.
Suite 1776, One Biscayne Tower
2 South Biscayne Blvd.
Miami, Florida  33131
Tel: (305) 373-3016
Fax: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
Anotari@lipcon.com
*Attorneys for Plaintiff*

Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha M. Sullivan, Esq.
150 S.E. 2nd Avenue, Suite 1200
Miami, Florida  33131
Tel: (305) 379-3686
Fax: (305) 379-3690

CASE NO.: CASE NO: 1:18-cv-22923-GAYLES/OTAZO-REYES

jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com
gbernardez@hamiltonmillerlaw.com
spayne@hamiltonmillerlaw.com
smarroquin@hamiltonmillerlaw.com
*Attorneys for Defendant Hatecke Service USA, LLC.*

19430/#65