UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22923-DPG

JELEN CARPIO,
as personal representative of the
estate of DIOGENES CARPIO, JR.,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

      Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION FOR REMAND**

COMES NOW, the Plaintiff, Jelen Carpio, by and through the undersigned counsel, hereby files the instant Reply to Defendant's Response to Plaintiff's Motion for Remand [D.E. 26], and states as follows:

**Defendant has Failed to Meet its Burden Establishing the Right of Removal**

Even under the liberal removal standard set forth in *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002) the Defendant still has not met its burden of establishing the right of removal under 9 U.S.C. § 205. As Defendant argues, an Arbitration was already completed in the Philippines and a settlement reached by the Parties. [D.E. 26, p.1] Thus, the only issue before the Court is whether a valid settlement agreement was entered into. Accordingly, there is nothing to arbitrate nor is there anything related to the arbitration and 9 U.S.C. §205 is inapplicable. *See Goel v. Ramachandran*, 823 F.Supp. 2d 206, 220 (S.D.N.Y. Sept. 26, 2011) (granting plaintiff's motion

to remand where the defendant failed to meet his burden of establishing that the claims asserted against him are within the meaning of 9 U.S.C. §205).

Of note, both *Beiser* and *Acosta v. Master Maint. & Constr. Inc.,* 452 F.3d 373 (5th Cir. 2006), the two leading cases relied upon by Defendant NCL, are distinguishable. *Beiser* and *Acosta* both arose before arbitration had been completed. Whereas, in the present case, Defendant NCL is unable to argue that the arbitration agreement provides a defense or other procedural hurdle to a state court action or other proceeding removed pursuant to 9 U.S.C. § 205 because arbitration was already completed. *See Samsun Logix Corp. v. Bank of China*, 740 F.Supp.2d 484, 489 (S.D.N.Y. Sept. 9, 2010) (granting plaintiff's motion to remand because removal pursuant to 9 U.S.C. § 205 was unwarranted where arbitration was already completed).

Finally, Plaintiff states that she is in agreement with the Defendant NCL that this Court should first rule on the pending Motion to Compel Arbitration before ruling on the Motion for Remand. [D.E. 26, p. 4, fn. 2]

            Respectfully submitted,

              LIPCON, MARGULIES,
              ALSINA & WINKLEMAN, P.A.
              *Attorneys for Plaintiff*
              One Biscayne Tower, Suite 1776
              2 South Biscayne Boulevard
              Miami, Florida 33131
              Telephone No.: (305) 373-3016
              Facsimile No.: (305) 373-6204

       By: */s/ Carol L. Finklehoffe*
              **CAROL L. FINKLEOFFE**
              Florida Bar No. 0015903
              cfinklehoffe@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
    **CAROL L. FINKLEOFFE**

## SERVICE LIST
*Carpio v. NCL (Bahamas) Ltd. et. al.*
**Case no.: 1:18-cv-22923-DPG**

| | |
|---|---|
| **Michael Winkleman, Esq.**<br>Florida Bar No.: 36719<br>mwinkleman@lipcon.com<br>**Carol L. Finklehoffe, Esq.**<br>Florida Bar No.: 0015903<br>cfinklehoffe@lipcon.com<br>LIPCON, MARGULIES,<br>ALSINA & WINKLEMAN, P.A.<br>One Biscayne Tower, Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>*Attorneys for Plaintiff* | **Jerry D. Hamilton, Esq.**<br>Florida Bar No.: 970700<br>jhamilton@hamiltonmillerlaw.com<br>**Robert M. Oldershaw, Esq.**<br>Florida Bar No.: 86071<br>roldershaw@hamiltonmillerlaw.com<br>**Elisha M. Sullivan, Esq.**<br>Florida Bar No.: 57559<br>esullivan@hamiltonmillerlaw.com<br>150 S.E. 2nd Avenue, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 379-3686<br>Fax: (305) 379-3690<br>*Attorneys for Defendant Hatecke Service USA, LLC* |
| **Anthony P. Strasius, Esq.**<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>**Steven C. Jones, Esq**.<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400 | **Curtis Mase, Esq.**<br>Florida Bar No.: 73928<br>cmase@maselaw.com<br>kfehr@maselaw.com<br>**Cameron W. Eubanks, Esq.**<br>Florida Bar No.: 85865<br>ceubanks@maselaw.com<br>rcoakley@maselaw.com<br>**Adam Finkel**<br>Florida Bar No.: 101505<br>afinkel@maselaw.com |

| | |
|---|---|
| Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc.* | MASE, MEBANE & BRIGGS<br>2601 S. Bayshore, Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0800<br>*Attorneys for Defendant NCL (Bahamas) Ltd.* |