UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:18-cv-22923-DPG

JELEN CARPIO,
as personal representative of the estate
of DIOGENES CARPIO, JR., S,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

    *Defendants.*
_____/

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE AMENDED COMPLAINT AND
<u>ALTERNATIVELY FOR SUMMARY JUDGMENT</u>**

Defendant, HATECKE SERVICE USA, LLC, by and through undersigned counsel, replies in support of its motion to dismiss all counts against it (ECF No. 27), and alternatively for summary judgment, and states:

Analysis

**I.   Count III (Death on the High Seas Act against all Defendants) should be dismissed because Plaintiff has failed to allege any breach of duty on Hatecke's part.**

Plaintiff claims that "a plaintiff's allegation of a defect alone is sufficient to state a cause of action, as mere knowledge of a defect gives defendant enough notice to produce a proper response." (ECF No. 37, Resp. at pp. 2-3). But Plaintiff does not allege any defect with Hatecke's lifeboat. (*See* ECF No. 22, Am. Compl. at Count

III). Plaintiff fails to specify the facts that support an alleged negligent manufacture, design, or warning. A products liability plaintiff may allege and seek to prove a defect by: 1) negligent manufacture, 2) negligent design, and/or 3) negligent failure to warn. Each of these individual theories is analytically distinct and the plaintiff must plead facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004) (a plaintiff is "required to allege some specific factual bases for those conclusions or face dismissal of their claims"). Plaintiff negligence allegations are all conclusory and fail to allege anything more than one of the named Defendants was negligent.

As the Court recognized in *Twombly*, litigation and discovery are expensive in today's era, and defendants should not bear the burden of defending against claims that, through overly permissive pleading, survive the motion-to-dismiss stage without the necessary support. *See Twombly*, 127 S. Ct. at 1966-67. The Court recognized the continued validity of its earlier holdings that:

> something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value. So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Id.* at 1966 (internal citations and omissions excluded). Hatecke should not be forced to engage in discovery regarding design and manufacturing based claims if those claims are not viable as pleaded (with factual support). Plaintiff must distinguish its negligence claim under cognizable, viable theories supported by the required factual allegations.

In sum, Count III should be dismissed in its entirety because it makes only conclusory allegations and fails to plead ultimate facts in support of the elements of Plaintiff's claims, whatever they may be. Plaintiff is required to plead facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1959; *see also Isberner v. Celebrity Cruises, Inc.*, No. 06-60447, 2006 U.S. Dist. LEXIS 94934, *12 (S.D. Fla. Dec. 21, 2006) (dismissing negligence claims when the plaintiff "failed to allege facts sufficient to show that Defendant's actions were negligent, and [] failed to specify how Defendant's own actions proximately caused Plaintiff's injuries."); *Bailey v. Janssen Pharmaceutica, Inc.*, No. 06-80702, 2006 U.S. Dist. LEXIS 82811, *8 (S.D. Fla. Nov. 14, 2006) ("claims do not mention how, if at all, the [product] was defective").

Moreover, the allegations in Count III only assert breaches of duties owed by the other named Defendants, in particular, Co-Defendant NCL (Bahamas) Ltd., as owner and operator of the cruise vessel and as Decedent's employer. *See Aung Lin Wai v. Rainbow Holdings*, 350 F. Supp. 2d 1019 (S.D. Fla. 2004) (noting that unseaworthiness of a vessel is a claim available only by a seaman against the ship owner and the vessel and the Jones Act is available against his employer). The

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Amended Complaint does not allege, nor was Hatecke, Plaintiff's Jones Act employer or the owner of the *Norwegian Breakaway*.

Additionally, a "shotgun pleading" is one that makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Taft v. The Dade Cty. Bar Ass'n, Inc.*, No. 1:15-cv-22072-KMM, 2015 WL 5771811, at *2 (S.D. Fla. Oct. 2, 2015) (citing *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). A shotgun complaint forces the court to sift through the facts presented and decide for itself which are material to the particular claims asserted. *See Anderson*, 77 F.3d at 366-67. The Amended Complaint reflects the hallmark of a shotgun pleading through its incorporation by reference at the beginning of each Count that incorporates by reference allegations of other sections of the Complaint. And Plaintiff's allegations are intermingled to the point where Hatecke, up until the point of reading Plaintiff's Response, was not sure whether Plaintiff was pursuing a product liability claim, a simple negligence claim, unseaworthiness claim or all. Plaintiff, in fact, admits that "not all of the breaches set forth in paragraph 49 apply to Defendant Hatecke." (ECF No. 37, Resp. at p.4). Obviously, this does not serve to put Hatecke on notice of the claims against it. To the contrary, Hatecke is left to guess which allegations and breaches of duty pertain to it.

Finally, Plaintiff's argument that its allegations are deficient because she does not have the benefit of discovery does not serve as an excuse for her failure to properly plead claims against Hatecke. The plaintiff is expected to be able to allege

4

facts in good faith without the benefit of discovery. *See Yepez v. Regent Seven Seas Cruises*, No. 10-23920, 2011 U.S. Dist. LEXIS 86687 (S.D. Fla. 2011) (noting that courts should not reserve ruling on a motion to dismiss to allow the plaintiff to look for what they should have had, but did not, before filing their complaint) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1216 (11th Cir. 2007)).

For these reasons, dismissal of Count III is warranted.

## II.     The Court can convert the Motion to Dismiss into one for summary judgment and enter judgment in Hatecke's favor.

There is nothing improper about a request that the Court, if it deems necessary, convert the Motion to Dismiss to one for summary judgment. The court in its discretion can convert a motion to dismiss into a motion for summary judgment. *See Lewis v. Asplundh Tree Expert Co.*, 305 F. App'x 623, 628 (11th Cir. 2008); *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1324 (S.D. Fla. 2009) (converting motion to dismiss the plaintiff's express warranty claim into one for summary judgment); *see also Se. Clinical Nutrition Ctrs., Inc. v. Mayo Found. for Med. Educ. & Resch.*, 135 F. Supp. 3d 1267, 1269 (N.D. Ga. 2013) (noting that on a motion to dismiss, if the court goes beyond the pleadings, the court may convert the motion into a motion for summary judgment). None of the cases cited by Plaintiff stand for the proposition that the Court cannot consider Hatecke's Affidavit and convert the Motion to Dismiss as one for summary judgment.

What is improper, and why Hatecke has moved for summary judgment at this juncture, is that it bears absolutely no responsibility for the unfortunate incident. Hatecke is an improper party and should not be forced to expend needless time and

resources in litigating this suit to ultimately arrive at the obvious conclusion that it bears no responsibility. Hatecke was not responsible for the wire/cord that allegedly failed. Hatecke only provided inspection services for the rescue boat itself, which is not alleged to have been a contributing cause of the accident. Hatecke had no responsibility for, nor did it actually provide services for the davit system or the cable or tethering that allegedly failed. Hatecke inspected the rescue boat following the alleged incident, and there was no failure of any component of the rescue boat. Accordingly, Hatecke respectfully requests in the alternative that this Court grant summary judgment in its favor.

### III. Count V (wrongful death under the general maritime law against Defendant Hatecke) should be summarily dismissed.

Plaintiff has withdrawn Count V (wrongful death under the general maritime law). Accordingly, no reply in support of dismissal of Count V is warranted and the count should be dismissed.

### Conclusion

Hatecke requests the Court dismiss, or alternatively, grant summary judgment in Hatecke's favor as to Count III and dismiss Count V against Hatecke with prejudice

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Respectfully Submitted,

*/s/ **Robert M. Oldershaw***
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Robert M. Oldershaw
Florida Bar No. 86071
roldershaw@hamiltonmillerlaw.com
Elisha M. Sullivan
Florida Bar No. 57559
esullivan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Hatecke Service USA, LLC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using the E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List.

**/s/Robert M. Oldershaw**
Robert M. Oldershaw

## SERVICE LIST

*Attorneys for Plaintiff*

Michael Winkleman, Esq.
Jason R. Margulies, Esq.
Adria G. Notari, Esq.
LIPCON, MARGULIES, ALSINA
& WINKELMAN, P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 1776
Miami, FL 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
anotari@lipcon.com

*Attorneys for Defendant, NCL (Bahamas) Ltd.*

Curtis J. Mase, Esq.
Adam Finkel, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drivee, Suite 800
Miami, FL 33133
Telephone: (305) 377-3770
cmase@maselaw.com
kfehr@maselaw.com
filing@maselaw.com
afinkel@maselaw.com
carbelaez@maselaw.com

*Attorneys for Hatecke Service USA, LLC.*

Jerry D. Hamilton
jhamilton@hamiltonmillerlaw.com.
Robert M. Oldershaw
roldershaw@hamiltonmillerlaw.com
Elisha M. Sullivan
Florida Bar No. 57559
esullivan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690