UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:18-cv-22923-GAYLES/OTAZO-REYES

JELEN CARPIO,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC

      Defendants.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS AND COMPEL ARBITRATION

Defendant, NCL (Bahamas) LTD. ("Norwegian"), by and through undersigned counsel, hereby provides the following reply to Plaintiff's opposition to Norwegian's motion to dismiss and compel this dispute to arbitration:

### Argument in Reply

Plaintiff and Norwegian previously settled this claim. That is not disputed. After settling, Plaintiff changed her mind and now asks for the settlement to be vacated. That request, however, is procedurally misplaced. This Court should compel this dispute to arbitration pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The Convention Act" 9 U.S.C. 201-08). There, the Philippines Overseas Employment Administration ("POEA") will rule on the merits of Plaintiff's prayer for post-settlement relief and the allegations set forth in the Amended Complaint.

**MASE MEBANE & BRIGGS**

Plaintiff premises its response upon the belief that *Escalo v. Steiner Transocean, Ltd.,* 13-21065-cv-CMA (Feb. 14, 2014) is "factually identical" and directs this Court to deny the instant motion to compel arbitration. Plaintiff fails to acknowledge the obvious, however; *Escalo* did not address a motion to compel arbitration. It addressed a motion for summary judgment.

It is well-settled that in considering a motion for summary judgment, a court assesses whether a genuine issue of material fact exists. *Fed. R. Civ. P. 56(c).* A court, however, has little discretion in deciding whether to enforce a valid arbitration agreement. *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005). Plaintiff does not dispute the validity of same. Further, any doubt concerning the scope of the arbitration should be resolved in favor of the arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). Whether a genuine issue of material fact exists is not relevant to this Court's present consideration.

Plaintiff argues that disputes over the release are not within the purview of the POEA, and yet such is expressly disputed by the very release that the POEA approved. The release states, in pertinent part, that it "shall in all respects be governed by the laws of the Philippines including all matters of construction *and validity*. … any disputes arising from this settlement agreement shall be referred to the competent *court or authorities of the Philippines*, to the exclusion of any other forum." [Exhibit 4 (emphasis added); ECF No. 1-3 p. 3].[1]

Plaintiff further relies upon the Third Circuit decision's in *Complaint of Bankers Trust Co. v. Bethlehem Steel Corp.,* 752 F.2d 874 (3d Cir. 1984) in arguing that this Court should not direct this matter back to the POEA. First, the Third Circuit's opinion is not binding upon this Court. It merely was cited in the *Escalo* plaintiff's pleading. Second, in *Bethlehem,* the son-in-law of a deceased crewmember stated that he held a special power of attorney over the rights of

---

[1] For convenience and efficiency, the same exhibits referenced in Norwegian's motion to compel are cited to in the same fashion, and are not re-numbered.

deceased's mother, and he settled the claim with the shipowners after they brought an action for limitation of liability within the United States. *Id.* at 877. A subsequent release of rights was then signed in India. It was not until three and one-half years after the son-in-law accepted settlement payment that the deceased's mother filed a petition in the limitation of liability proceeding and asserted that her son-in-law never had a power of attorney, and as such, any settlement reached on her behalf was fraudulent. *Id.*

These factual circumstances are clearly distinguishable from the present circumstances. Here, the Decedent's wife settled the matter with Norwegian, and now later seeks to vacate her own agreement. There is no dispute that Decedent's wife settled with Norwegian. There is no claim of fraudulent behavior and that she did not actually sign the POEA-approved release.

Lastly, Plaintiff inexplicably relies upon a case from the Louisiana Court of Appeals. Plaintiff selectively quotes *Allen v. Noble Drilling (U.S.) Inc.,* 637 So.2d 1298, 1301 (La. App. 4th Cir, 1994) for the proposition that this Court should determine the validity of the present settlement release because the Decedent was a seaman, and therefore fell under the purview of the Jones Act. In *Allen*, a settlement was reached while the parties were preparing for trial in United States Federal Court. The *Allen* defendant sought to vacate the settlement because the plaintiff seemingly leveraged a settlement based upon a future need for surgery, only to later discover that the plaintiff has two expert opinions rejecting the need for surgery.

Again, *Allen* was litigated in the United States and was not arbitrated in a foreign jurisdiction, such as here. Further, here, no information was concealed from Plaintiff before she settled the matter. She settled the matter in the Philippines, not in the United States, and agreed that if any issues arose, the POEA would preside over the dispute. Plaintiff seeks to analogize

this present matter to *Allen* but the only similarly that exists is the fact that the plaintiffs are both seaman.

Plaintiff next incorrectly relies upon Article V of the Convention and *Lindo v. NCL (Bahamas), Ltd.,* 652 F.3d 1257 (11th Cir. 2011) for the premise that this Court may presently rule on its argument that public policy precludes enforcement of the settlement. Article V and *Lindo,* however, detail considerations for whether an arbitral award should be confirmed. That is not what is presently at issue. Again, this Court is to determine whether Plaintiff and Norwegian agreed to arbitrate disputes among the parties. They explicitly agreed in the employment agreement, *see Exhibit 1,* and the collective bargaining agreement, *see Exhibit 2,* to submit any dispute to the POEA.

At this juncture, the POEA is to be presented with this matter and only after "[h]aving permitted the arbitration to go forward" will this matter be procedurally ripe for a public policy challenge. *See Lindo,* 652 F.3d at 1281 *quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 638 (1985). Implicitly acknowledging such, Plaintiff styles the argument as a "Post-Arbitration Challenge[ ]." A public policy challenge is a post-arbitration challenge, and as such, arbitration must first occur. It has not.

With regard to this Court's additional authority to dismiss this matter outright under *forum non conveniens*, Plaintiff cites to another active dispute between a Filipino crewmember and Norwegian; *Buenaventura v. NCL (Bahamas) Ltd., et al.,* case no. 18-cv-22922-KMM. In *Buenaventura*, the dispute too should be arbitrated by the POEA. As issues are more thoroughly briefed before the *Buenaventura* court, it is to be briefly stated that Plaintiff's interpretation of the POEA's order in that case is incorrect. The POEA issued an order addressing a pre-complaint

CASE NO.: 1:18-cv-22923-GAYLES/OTAZO-REYES

request for declaratory relief. No decision was made regarding the adequacy of the POEA to arbitrate the matter as Plaintiff attempts to argue.

Quite simply, Plaintiff does not dispute that the release contains either a mandatory arbitration clause or a mandatory forum selection clause in the Philippines. As such, if this Court is to interpret the release to contain the latter, this matter must be dismissed. Plaintiff provides no support in opposition, as any public policy argument is premature.

<u>WHEREFORE</u>, This Court should follow the clear directive of the employment agreement, collective bargaining agreement, and the release, and submit this matter to the POEA for arbitration. Both the substantive claims alleged in the Amended Complaint, and Plaintiff's post-settlement complaints should be heard in arbitration. In the alternative, if this Court interprets the release to contain a mandatory  forum selection clause, this Court should dismiss the instant matter for Plaintiff to refile in the Philippines.

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:____*/s/ Adam Finkel*_____
    SCOTT P. MEBANE
    Florida Bar No.: 273030
    smebane@maselaw.com
    CAMERON W. EUBANKS
    Florida Bar No.: 85865
    ceubanks@maselaw.com
    ADAM FINKEL
    Florida Bar No. 101505
    afinkel@maselaw.com

CASE NO.: 1:18-cv-22923-GAYLES/OTAZO-REYES

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adam Finkel*
ADAM FINKEL

CASE NO.: 1:18-cv-22923-GAYLES/OTAZO-REYES

## **SERVICE LIST**

Michael A. Winkleman, Esq.
Jason R. Margulies, Esq.
Carol L. Finklehoff, Esq.
Adria G. Notari, Esq.
Lipcon, Margulies, Alsina & Winkleman, P.A.
Suite 1776, One Biscayne Tower
2 South Biscayne Blvd.
Miami, Florida  33131
Tel: (305) 373-3016
Fax: (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
cfinklehoffe@lipcon.com
anotari@lipcon.com
*Attorneys for Plaintiff*


Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha M. Sullivan, Esq.
150 S.E. 2nd Avenue, Suite 1200
Miami, Florida  33131
Tel: (305) 379-3686
Fax: (305) 379-3690
jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com
gbernardez@hamiltonmillerlaw.com
spayne@hamiltonmillerlaw.com
*Attorneys for Defendant (Hatecke Service USA, LLC.)*

Steven C. Jones, Esq.
Anthony P. Strasius, Esq.
Wilson Elser Moskowitz Edelman & Dicker
100 S.E. 2nd Street, Suite 3800
Miami, FL 33131
Tel: (305) 341-2282
Tel: (305) 374-4400
Fax: (305) 379-3690
steven.jones@wilsonelser.com
anthony.strasius@wilsonelser.com
*Attorneys for Defendant (D-I Davit International, Inc.)*

19430//100