UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22923-GAYLES/OTAZO-REYES

JELEN CARPIO
as personal representative of the
estate of DIOGENES CARPIO, JR.,

    Plaintiff,

-vs-

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

    Defendants.
_____/

## D-I DAVIT INTERNATIONAL, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant D-I Davit International, Inc. ("Davit US"), by and through its undersigned counsel, hereby files its Reply Memorandum of Law in further support of its Motion to Dismiss, or in the alternative, for Summary Judgment (the "Motion").[1]

### PRELIMINARY STATEMENT

As set forth at length in the Motion, Davit US is not the correct party to this action, which involves the alleged failure of a davit mechanism installed on a cruise ship, the *Norwegian Breakaway*. As evidenced by written testimony, documents produced to Plaintiff, and publicly available materials, Davit US was not in existence at the time of the davit's installation, and was not engaged in any business activities during their subsequent servicing and maintenance. Instead,

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1

the proper party is Davit DE, and as Davit US is not within the davit's chain of distribution, Plaintiff's cannot proceed against it.

Plaintiff's Opposition does not actually controvert these plain facts, and instead resorts to misstatement, misrepresentation and speculation. Furthermore, Plaintiff's Opposition argues that further discovery is required, a wholly disingenuous argument. Plaintiff already possesses (and has now for some time) all relevant documentation identifying Davit DE as the manufacturer and servicer of the subject davit. Accordingly, further discovery is not warranted, the Motion is ripe for resolution, and the Amended Complaint should be dismissed as against Davit US.

## ARGUMENT

### I. Plaintiff Fails to Controvert the Key Facts Warranting Dismissal

The key dispositive fact is that Davit US could not possibly have had any role with respect to the subject davits. As Joachim Weise stated, (i) Davit US was incorporated in October of 2013 and did not exist at the time of completion of the *Norwegian Breakaway*'s construction in April 2013, and (ii) as it carries on no business activities it was not involved in any subsequent maintenance or servicing of the davit equipment installed on the *Norwegian Breakwaway*. (Wiese Dec., ¶¶ 2-3, 7). His testimony is corroborated by tax records demonstrating Davit US's lack of income and operations (Wiese Declaration, Exhibit A), and publicly available documents establishing the dates of the *Norwegian Breakaway*'s construction and Davit US' subsequent incorporation. (Motion, p. 4; Strasius Declaration, Exhibit C). Plaintiff's Opposition attempts to controvert these facts through a hodge-podge of assertions, but the effort fails as these assertions rest on misstatement and unfounded speculation.

#### A. Plaintiff Misstates Wiese's Testimony and Publicly Available Documents

Plaintiff's primary argument in Opposition is to summarily claim that the Wiese Declaration "is not true and correct." (Pl. Opp., p. 4). Plaintiff supports this contention by

2

asserting that Davit International is an "active" corporation in good standing in Florida and Delaware, having submitted requisite annual reports and tax filings. (Pl. Opp., p. 5). Plaintiff's argument misapprehends Wiese's testimony. In his Declaration, Wiese stated that Davit US is an inactive corporation in the sense that *it does not conduct business operations*, a fact which is borne out by its tax returns which demonstrate no income and which Plaintiff's do not contest. (*See* Wiese Dec., ¶¶ 3-4; and Wiese Dec., Exhibit A). Contrary to Plaintiff's characterization, Wiese was *not* testifying as to whether Davit US was "active" in the sense that it is an extant corporation in good legal standing, a fact which is not in dispute. Plaintiff's arguments about state filings and active corporation status therefore miss the point.

Plainly put, the issue is not whether Davit US is an "active" corporation in terms of its legal existence and good standing, it is whether Davit US is an "active" corporation in practical terms of day-to-day operations. Plaintiff's contentions at best establish only that Davit US *exists*, not that it conducts any actual business. These assertions do not add to or contradict anything in the record: the tax records previously submitted to the Court and to Plaintiff already established that Davit US is a corporation existing and in good standing with state authorities. Plaintiff simply overlooks (and asks the Court to overlook) that such records also establish that Davit US' "active" existence is merely formal, unaccompanied by any substantive business activities.

      **B.**    **Plaintiff Misleadingly Presents Davit DE's Operations as Evidence of Activity by Davit US**

Plaintiff's second attempt to challenge the evidence relies on attributing aspects of Davit DE's business to Davit US. Plaintiff asserts: (i) that "*Davit DE's* website lists itself as having an 'Office USA' and provides a phone number with a 954 Fort Lauderdale area code"; (ii) that "in its literature and marketing material *Davit DE* touts its extensive 'aftersales' services with 'world-wide deployment from Germany or direct from one of its local service stations'"; and (iii) that

3

"*Davit DE* has also issued press releases" regarding a "parts warehouse in Fort Lauderdale" located at "Davit International's principle place of business." (Pl. Opp. 5-6) (emphasis added). The flaw in these contentions is readily apparent: each of them involves *Davit DE*'s website, operations and marketing. It does not evidence any business activities by *Davit US*. Indeed, the contact information of Davit DE's "Office USA" on its website lists a *German* email address.[2] None of these contentions establish that Davit US has any employees or operations.

      C.      **Plaintiff Otherwise Offers Only Unfounded Speculation that Conflates Davit DE and Davit US**

Finally, Plaintiff offers the vague assertion that its "investigation" suggests "Davit International *and/or* Davit DE provides technical support and training to crewmembers of the *Norwegian Breakaway*, to ensure the crewmembers use and/or maintain the subject lifeboat system in a proper manner." (Pl. Opp., p. 6) (emphasis added). This statement provides no explanation and is not accompanied by citation to any source. Moreover, the statement relies on linking Davit US to Davit DE's actions through use of the equivocal "and/or" conjunction. It provides no genuine factual detail suggesting Davit US engages in any actual business activity. Once again, Plaintiff's fail to controvert the key dispositive facts, and offer only an unsupported, vague speculative contention in an attempt to muddy the record.

**II.**      **Plaintiff Possesses Documents Demonstrating Davit DE is the Proper Party**

Ultimately, Plaintiff is unable to controvert the fact that Davit US had no involvement in manufacturing, installing, servicing, or repairing the davit at issue in this litigation. This is because Davit DE manufactured, sold and serviced the davits on the *Norwegian Breakaway*. (Wiese Dec., ¶ 8). This is a fact well-known to Plaintiff. Counsel for Davit US *repeatedly* informed Plaintiff's counsel of this, and provided documents via e-mail demonstrating this. (*See* Strasius Dec.,

---

[2]    *See* http://en.di-hische.de/info/contact (last accessed October 9, 2018).

1172625v.1

Exhibits A and B). Attachments referenced in the email chains previously provided to this Court – a quotation, order and confirmation between Davit DE and NCL for maintenance and inspection services – clearly identify D-I Davit International GmbH (Davit DE) as the entity responsible for servicing the *Norwegian Breakaway*, not Davit US.[3] Plaintiff's counsel has had these documents in their possession for months. Thus, contrary to Plaintiff's assertion, counsel for Davit US has never "ask[ed] Plaintiff and this Court to simply accept its assertions" (Pl. Opp., p. 4), but instead has always provided documentation corroborating the identification of Davit DE as the proper party.

### III. Plaintiff's Request for Further Discovery Is Disingenuous and Unwarranted

Plaintiff's possession of all the evidence necessary to identify Davit DE as the proper party belies Plaintiff's secondary opposition argument, the claim that she "has not yet had the opportunity to conduct discovery and … cannot present essential facts to justify her opposition to the summary judgment motion." (Pl. Opp., p. 6). Plaintiff has sworn testimony, tax records, purchase and service documentation, as well as publicly available press releases and state filings, all establishing the essential fact that Davit DE was the entity that manufactured, sold, and serviced the subject davit and Davit US could not possibly have been involved. There is nothing further to be gained from discovery, and Plaintiff's request is merely an artful dilatory tactic to delay resolution of the Motion and to permit Plaintiff to continue to advance improper, duplicative, and unnecessary claims against the wrong party.

Ultimately, both Plaintiff and this Court have the benefit of a record clearly establishing that Davit DE, not Davit US, is the proper party to this action. The record demonstrates that Davit

---

[3] These attachments, referenced in the July 24, 2018 e-mail to Plaintiff's counsel on page 4 of Exhibit B to the previous Strasius Declaration, are annexed as Exhibit A to the Supplemental Declaration of Anthony P. Strasius, dated October 12, 2018.

5

US is not within the subject davit's chain of distribution, and therefore Plaintiff's negligence and products liability claims against it cannot proceed.  (Motion, pp. 9-12).

## CONCLUSION

For the foregoing reasons, and those set forth at length in the Motion, it is respectfully requested that this Court enter an Order dismissing the claims against Davit US with prejudice.

Respectfully submitted,

  __/s/ Anthony Strasius_____
Anthony P. Strasius
Florida Bar No. 988715
anthony.strasius@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
100 Southeast Second Street – Suite 34800
Miami, Florida 33131-2144
Tel. (205) 374-4400
Fax (305) 579-0261

*Attorneys for D-I Davit International, Inc.*

**CERTIFICATE OF SERVICE**

       **I HEREBY CERTIFY** that on October 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Michael Wikleman, Esq.
Jason R. Margulies, Esq.
Adria G. Notari, Esq.
LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 1776
Miami, FL 33131
Tel. (305) 373-3016
Fax (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
anotari@lipcon.com

*Attorneys for Plaintiff*
*Jelen Carpio*

Curtis J. Mase, Esq.
Adam Finkel, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drive, Suite 800
Miami, FL 33133
cmase@maselaw.com
afinkel@maselaw.com

*Attorneys for Defendant*
*NCL (Bahamas) Ltd.*

Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha M. Sullivan, Esq.
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, FL 33131
Tel. (305) 379-3686
Fax (305) 379-3690
jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com

*Attorneys for Defendant*
*Hatecke Service USA, LLC*

1172625v.1