UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22923-DPG

JELEN CARPIO
as personal representative of the
estate of DIOGENES CARPIO, JR.,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC,

    Defendants.
_____/

### DEFENDANT D-I DAVIT INTERNATIONAL, INC.'S
### MOTION FOR PROTECTIVE ORDER

COMES NOW, Defendant D-I Davit International, Inc. ("Davit US"),[1] by and through undersigned counsel, and hereby files its Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c), seeking to quash the Notice of Deposition served February 14, 2019 by Plaintiff Jelen Carpio ("Plaintiff"), and states:

### SUMMARY

1.    This Motion for Protective Order is necessitated by Plaintiff's improper Notice of Deposition. This Notice of Deposition was issued *nine months* after Plaintiff's received the disclosure materials the deposition is purportedly directed toward testing, *six months* after receiving the written testimony of the Davit US officer whom Plaintiff now seeks to depose, *four*

---

[1] To date, Plaintiff has failed to serve D-I Davit International-Hische GmbH ("Davit DE") in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). This Motion for Protective Order is therefore made solely on behalf of Davit US.

1

*months* after briefing concluded on Davit US' dispositive motion in this case, and only *after* Plaintiff moved to remand this action to state court (the "Motion to Remand"). Davit US has filed an opposition to Plaintiff's Motion to Remand with a Cross-Motion to stay the action pending resolution of certain arbitral proceedings in the Philippines (the "Opposing Cross-Motion"). The Notice of Deposition is therefore not only inappropriate, given Plaintiff's dilatory filing, but also unwarranted as one of two things will result from resolution of the Motion to Remand and Opposing Cross-Motion. Either: (i) Plaintiff is correct that this Court lacks subject matter jurisdiction in this dispute, and accordingly discovery cannot proceed here, or (ii) the matter will be stayed pending resolution of the Philippines arbitration, including discovery. Therefore, a protective order should be issued and the Notice of Deposition must be quashed.

## FACTUAL AND PROCEDURAL SUMMARY

2. For the sake of brevity, Davit US hereby incorporates by reference the Factual and Procedural Summary set forth in the Opposing Cross-Motion filed contemporaneously with this motion,[2] as if fully set forth herein.

3. For purposes of this Motion for Protective Order, the following key facts drawn from that recitation are particularly relevant:

- counsel for Davit US informed Plaintiff's counsel that Davit US was not the proper defendant in this action in June of 2018 (*see* Dkt. Nos. 16-3; 16-4);

- at that time, counsel for Davit US informed Plaintiff's counsel that Davit DE, a German company, was actually responsible for the manufacture and maintenance of the davits that Plaintiff alleges contributed to the accident onboard Defendant NCL's vessel, the *Norwegian Breakaway*, and that Davit US was a company without active operations (*id.*);

- to demonstrate this, between June 2018 and August 2018, Davit US' counsel provided Plaintiff's counsel with (i) the Declaration of Joachim Wiese, General

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Opposing Cross-Motion.

2

- Manager of Davit DE and sole officer of Davit US, attesting to (i) Davit DE's role in manufacturing the davits and Davit US' lack of involvement, (ii) Davit US' tax returns since 2015 demonstrating its lack of operations and income, and (iii) the purchase order and service contracts between Davit DE and NCL relating to the *Norwegian Breakaway* (Dkt. Nos. 16-1, 16-2, 16-3, 16-4);

- despite receiving this information, Plaintiff refused to withdraw the claims against Davit US; instead, Plaintiff filed an Amended Complaint with superficial amendments that purported to add Davit DE as a defendant (Dkt. No. 22).

- Davit US therefore filed a Motion to Dismiss on September 11, 2018, solely on its own behalf as Plaintiff had not effectuated service of the Amended Complaint on Davit DE (Docket No. 30 and attachments);

- four months have elapsed since briefing on the Motion to Dismiss concluded in October 2018 (Dkt. No. 40), and nine months have elapsed since Plaintiff first learned that she was pursuing the improper entity;

- on February 13, 2019, Plaintiff moved to remand this action to state court (Dkt. No. 47) following this Court's dismissal of Defendant NCL without prejudice in favor of arbitration proceedings in the Philippines (Dkt. No. 42)

- on February 14, 2019, despite moving to remand, Plaintiff served the Notice of Deposition demanding to take the testimony of Joachim Wiese on March 8, 2019 (Declaration of Anthony P. Strasius (the "Strasius Dec.," Exhibit A);

- Davit US objected to the request as inappropriate given the procedural state of the case and requested withdrawal of the Notice of Deposition, which Plaintiff's counsel refused (Strasius Dec., Exhibit B).

Based on the foregoing facts, Davit US hereby seeks a protective order precluding the deposition of Joachim Wiese at this time as unjustified, unnecessary and unduly burdensome.

## MEMORANDUM OF LAW

Fed. R. Civ. P. 26(c) permits a party from whom discovery or a deposition is sought to move for a protective order in the court where the action is pending. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Courts define "good cause" as a "sound basis or legitimate need to take judicial action." *Wrangen v. Pennsylvania Lumbermans Mut. Ins.*

3

*Co.*, 593 F. Supp. 2d 1273, 1277 (S.D.Fla. 2008) (citation omitted). "The party requesting a protective order must make a specific demonstration of facts in support of the request. A court must then balance the competing factors involved in determining whether good cause has been shown." *Id.* Under the Locals Rules of the Southern District of Florida, any disputes relate to discovery must be presented within thirty days from the date of the challenged deposition, except for good cause shown. S.D.Fla. L. R. Civ. P. 26.1(g).

Here, the good cause excuses Defendant Davit US' filing for a protective order outside the time period proscribed in the Local Rules, given Plaintiff served the Notice of Deposition in a manner that prevented compliance, and good cause further exists to issue the protective order as without it, Davit US would be put to undue burden and expense that is unjustified given the procedural posture of this action.

**I.     Plaintiff's Service of the Notice of Deposition Prevented Davit US from Filing for a Protective Order within the Time Specified by S.D.Fla. L. R. Civ. P. 26.1(g)**

As an initial matter, good cause exists to permit Davit US to make this application outside the thirty day window contemplated by Local Rule 26.1(g). Plaintiff served its Notice of Deposition on February 14, 2019, demanding a deposition by March 8, 2019, a span of only *twenty two days*. (Strasius Dec., Exhibit A). Plaintiff's service of the deposition notice so close to the specified deposition date therefore made presenting a motion for protective order within the typical thirty day timeframe impossible. Furthermore, Local Rule 7.1 required the parties to correspond and confer in good faith in an attempt to resolve the dispute without motion practice, which occasioned further delay. (*Id.*, Exhibit B). Additionally, Plaintiff's Motion to Remand, which has a direct impact on the propriety of the Notice of Deposition, required Davit US to prepare opposing

motion papers to file contemporaneously with this application.  Accordingly, this Court should consider Davit US' motion as timely under the discretion afforded by the Local Rules.[3]

## II.     The Noticed Deposition Represents an Unjustified Burden on Improper Defendant, Davit US

Good cause also exists to preclude the deposition at this time.  As an initial matter, Plaintiff's service of the Notice of Deposition is objectionable given the unjustified delay in serving it.  As noted above, since June 2018 Plaintiff has been in possession of disclosure materials evidencing (i) Davit US' lack of involvement with the davits at issue, and (ii) Davit DE's responsibility for the manufacture and maintenance from correspondence with Davit US' counsel. (*See* Dkt. Nos. 16-3, 16-4).  Furthermore, Plaintiff has had the written testimony of Joachim Wiese confirming these facts since August 2018.  (Dkt. No. 16-1).  Davit US also placed this evidence before the Court through Davit US' Motion to Dismiss in September of 2018.  However, even though the Motion to Dismiss has been pending for months and despite having long-possessed Davit US' disclosure materials, *Plaintiff's counsel took no meaningful action to advance this proceeding*.[4]  Plaintiff has not moved for further discovery in this matter until now, and has never identified any real deficiency in the facts proffered by Davit US.  That Plaintiff's counsel seeks a deposition now, after months of delay and inaction, is incredible.

Furthermore, this move to compel a deposition now represents an unjustified burden, especially given the state of proceedings.  As set forth at length in the Motion to Dismiss and the Opposing Cross-Motion, Davit US is not and never has been a proper party to this litigation.

---

[3]     Given that the Local Rules do not provide for an automatic stay of the challenged discovery upon filing a Motion for Protective Order, Davit US requests the Court stay the deposition pending resolution of this application.

[4]     The docket in this action shows that after filing an Opposition to Davit US' Motion to Dismiss on October 15, 2018, Plaintiff took no action until February 2019, at which time it withdrew claims against Defendant Hatecke Service USA, LLC and moved to remand to state court. (Dkt. Nos. 41, 44, and 47).

Plaintiff's stubborn disregard of the plain facts (including that Davit US *did not even exist* at the time of the subject vessel's construction) has resulted in Davit US (a company with no operations, assets or insurance) to incur significant expenses to litigate claims that never should been brought in the first place.  Further expenditure is neither necessary nor justified as *Davit US has already provided sufficient facts to demonstrate its lack of involvement*, and to date Plaintiff has identified no genuine objection to the sufficiency of these materials.  Davit US should therefore not be burdened with providing further discovery merely to satisfy Plaintiff's obdurate demands (particularly the deposition of a *German* resident, with all the expenditures and logistical concerns a foreign deposition presents).

      This is particularly true given the procedural status of this action.  Plaintiff has moved to remand this action, arguing that this Court no longer has subject matter jurisdiction over this action.  (Dkt. No. 47).  Yet, ignoring its own motion, Plaintiff seeks discovery in an action it claims is no longer properly before this Court.  Furthermore, contemporaneously with this application, Davit US has opposed the motion to remand, and cross moved for a stay pending the outcome of arbitration proceedings between the Plaintiff and NCL in the Philippines.  This procedural posture will result in two possible outcomes, either of which preclude a deposition going forward.  If Plaintiff prevails on its motion to remand, then this Court will lack subject matter jurisdiction and no discovery can proceed in this action, which will return to state court.  And if Davit US prevails in this action, the matter will be stayed pending resolution of the Philippines arbitration, including discovery.  Consequently, there is no justification for incurring the expense of a deposition, even aside from the patent unfairness in requiring Davit US, an improper party to this litigation that has already provided all necessary discovery, to proceed with a deposition in this action.

## CONCLUSION

For the foregoing reasons, Defendant Davit US respectfully requests that this Court enter a Protective Order (i) excusing the deposition of Joachim Wiese demanded by Plaintiff's Notice of Deposition, served February 14, 2019, and (ii) granting Davit Us such other and further relief as the Court deems just and proper.

*Certification of Compliance with Local Rules 7.1*

Undersigned counsel hereby certifies that he has conferred with counsel for the Plaintiff in accordance with S.D. Fla. Local Rule 7.1 (A)(3) in a good faith effort to resolve the issues raised by this Motion prior to filing.  Counsel for Plaintiff would not agree to the relief requested

Respectfully submitted,

*/s/ Anthony Strasius*
Anthony P. Strasius
Florida Bar No. 988715
anthony.strasius@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
100 Southeast Second Street – Suite 34800
Miami, Florida 33131-2144
Tel. (205) 374-4400
Fax (305) 579-0261

*Attorneys for D-I Davit International, Inc.*

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on February 27, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Michael Winkleman, Esq.
Jason R. Margulies, Esq.
Adria G. Notari, Esq.
LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 1776
Miami, FL 33131
Tel. (305) 373-3016
Fax (305) 373-6204
mwinkleman@lipcon.com
jmargulies@lipcon.com
anotari@lipcon.com

*Attorneys for Plaintiff*
*Jelen Carpio*

Curtis J. Mase, Esq.
Adam Finkel, Esq.
MASE, MEBANE & BRIGGS, P.A.
2601 S. Bayshore Drive, Suite 800
Miami, FL 33133
cmase@maselaw.com
afinkel@maselaw.com

*Attorneys for Defendant*
*NCL (Bahamas) Ltd.*

Jerry D. Hamilton, Esq.
Robert M. Oldershaw, Esq.
Elisha M. Sullivan, Esq.
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, FL 33131
Tel. (305) 379-3686
Fax (305) 379-3690
jhamilton@hamiltonmillerlaw.com
roldershaw@hamiltonmillerlaw.com
esullivan@hamiltonmillerlaw.com

*Attorneys for Defendant*
*Hatecke Service USA, LLC*

9650833v.1