UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22923-DPG

JELEN CARPIO,
as personal representative of the
estate of DIOGENES CARPIO, JR.,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
D-I DAVIT INTERNATIONAL, INC.,
HATECKE SERVICE USA, LLC., and
D-I DAVIT INTERNATIONAL-HISCHE
GMBH,

    Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT D-I DAVIT
INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S
<u>MOTION TO REMAND AND CROSS MOTION TO STAY</u>**

COMES NOW, the Plaintiff, Jelen Carpio, by and through the undersigned counsel, hereby files her Reply to Defendant D-I Davit International, Inc.'s Opposition to Plaintiff's Motion to Remand and Cross Motion to Stay [D.E. 48], and states:

This matter is very simple and straight forward –the <u>sole</u> basis for removing this matter to federal court no longer exists and remand is warranted. However, in its Response Defendant attempts to paint a distorted picture of the facts and circumstance and wrongfully implies the Plaintiff has somehow acted improperly. Plaintiff is compelled to address these inaccuracies.

**Plaintiff is Not Simply Required to Accept the Defendant's
Assertions that it is Allegedly the Improper Party**

Defendant asserts that Plaintiff is acting improperly by not simply accepting its arguments and dismissing D-I Davit from the lawsuit. The Plaintiff has a meritorious position as her investigation has shown that the Affidavit submitted by Joachim Wiese is not true and correct. Contrary to the affiant's declarations:

- Florida Department of Corporations shows that since November 5, 2015, D-I Davit has been and remains an active corporation in the state of Florida.

- Each year Defendant has filed an Annual Report maintaining the corporation's active status, the last one being filed on March 11, 2018, just one month before the initial lawsuit was filed.

- In its Application by Foreign Corporation for Authorization to Transact Business in Florida ("the Application"), and each annual report, D-I Davit states it has its principle place of business at 695 NW 4th Avenue, Fort Lauderdale, Florida 33311.

- Joachim Weise, who is also listed at the same address is identified as a director, officer and president.

- In each document submitted to the state of Florida, Mr. Weise attested that the information provided was "true and accurate."

- Each year Defendant also filed an Annual Franchise Tax Report with the state of Delaware, the most recent being filed on February 20, 2018 (just two months before the filing of the initial complaint).

- Each report identifies D-I Davit as having its principle place of business at 695 NW 4th Avenue, Fort Lauderdale, Florida 33311, with Joachim Weise, who is also listed at the same address, identified as a director, officer and president. These forms were submitted by Mr. Weise under penalty of perjury for making false statements.

- D-I Davit International Gmbh ("Davit DE") website lists itself as having an "Office USA" and provides a phone number with a Fort Lauderdale area code beginning with 954.

- Davit DE issued press releases announcing the opening of a parts warehouse in Fort Lauderdale in an "effort to better serve the cruise ship industry."

- Plaintiff's investigation has revealed that the "parts warehouse" is located at 695 NW 4th Avenue, Fort Lauderdale, Florida 33311, D-I Davit's principle place of business.

- In its literature and marketing materials Davit DE touts it's extensive "aftersales" services with "world-wide deployment from Germany or direct from one of its local service stations."

- A local service station is identified at 695 NW 4th Avenue, Fort Lauderdale, Florida 33311, D-I Davit, principal place of business.

- Investigation also shows that D-I Davit provides technical support and training to crewmembers of the *Norwegian Breakaway*, to ensure the crewmembers use and/or maintain the subject lifeboat system in a proper manner.

Based upon these obvious contradictions, the Plaintiff requested to take the deposition (remotely) of Mr. Weise. Taking the remote deposition of Mr. Weise is not overly burdensome or costly and should clarify the issues. Plaintiff would note that she made a similar request for the deposition of the corporate representative of Defendant Hatecke Service USA, LLC. There was no objection, the witness was produced, after which the Plaintiff voluntarily dismissed the entity. [D.E. 44]

Here, even though Defendant submitted an Affidavit by Mr. Weise to support its position, Defendant continues to refuse to produce Mr. Weise for deposition,[1] and insisting that Plaintiff is acting improperly by not simply accepting its assertions despite the contradictory evidence.

## Attempts to Serve the German Entity

Defendant disingenuously argues that the Plaintiff failed to take any meaningful steps to serve the German entity, Davit DE. Defendant is aware and fails to advise this Court that on August 29, 2018, the Plaintiff sent, via Federal Express to Davit DE, her Notice of a Lawsuit and Request to Waive Service of a Summons. Same was delivered on September 9, 2018, and signed for by F. Winter. Davit DE was required to return the Waiver of the Service of Summons on or before October 29, 2018 but has not done so.

---

[1]Defendant has filed a Motion for Protective Order. [D.E. 49].   The Parties are currently working to have this Motion set for hearing before the Magistrate Judge.

Defendant further failed to advise this court that the Parties conducted numerous conversations and written exchanges over a lengthy period of time in an effort to reach a resolution. Ultimately an agreement could not be reached and counsel for Defendant advised that Davit DE would not agree to sign the Waiver of the Service of Summons. Upon being advised of Davit DE's position, Plaintiff began working with an international process service company to obtain service over Davit DE through the Hague Convention.

### Buenaventura Action is Distinguishable

In the Buenaventura Action an arbitration was conducted in the Philippines where the arbitration panel dismissed the matter for lack of jurisdiction and further found that even if it had jurisdiction that matter does not fall within the contemplation of a labor dispute. (Buenaventura Action, DKT. No. 49-1, p. 9)  Thus the issue in the Buenaventura action is whether the arbitration panel properly determined that it was without jurisdiction to rule on the facts at issue and merits of the claim. (Buenaventura Action, DKT. No. 78).  In granting the Motion to Stay the Court found that "a Resolution of the Petition for Review Pending before the Republic of the Philippines Court of Appeals **will determine whether the case can be compelled to arbitration** in the Philippines as requested by the Defendant or whether the Philippines Arbitration Board's decision that the requires a trial is necessary." Id. at p. 8.

By contrast, in this case the Court ruled that there was no arbitration in the first instance and granted NCL's Motion to Compel Arbitration. [D.E. 42].  Plaintiff is entitled to proceed forward with her claims against D-I Davit and Davit DE independent and regardless of her claims against NCL which are subject to arbitration and a stay is not warranted and this matter should be remanded.

Dated:   March 6, 2019.

          Respectfully submitted,

          LIPCON, MARGULIES,
          ALSINA & WINKLEMAN, P.A.
          *Attorneys for Plaintiff*
          One Biscayne Tower, Suite 1776
          2 South Biscayne Boulevard
          Miami, Florida 33131
          Telephone No.: (305) 373-3016
          Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
    **CAROL L. FINKLEOFFE**
    Florida Bar No. 0015903
    cfinklehoffe@lipcon.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Carol L. Finklehoffe*
    **CAROL L. FINKLEOFFE**

## SERVICE LIST
*Carpio v. NCL (Bahamas) Ltd. et. al.*
**case no.: 18-cv-22923-DPG**

| | |
|---|---|
| **Michael Winkleman, Esq.** | **Jerry D. Hamilton, Esq.** |
| Florida Bar No.: 36719 | Florida Bar No.: 970700 |
| mwinkleman@lipcon.com | jhamilton@hamiltonmillerlaw.com |
| **Carol L. Finklehoffe, Esq.** | **Robert M. Oldershaw, Esq.** |
| Florida Bar No.: 0015903 | Florida Bar No.: 86071 |
| cfinklehoffe@lipcon.com | roldershaw@hamiltonmillerlaw.com |
| LIPCON, MARGULIES, | **Elisha M. Sullivan, Esq.** |
| ALSINA & WINKLEMAN, P.A. | Florida Bar No.: 57559 |
| One Biscayne Tower, Suite 1776 | esullivan@hamiltonmillerlaw.com |
| 2 South Biscayne Boulevard | 150 S.E. 2nd Avenue, Suite 1200 |
| Miami, Florida 33131 | Miami, Florida 33131 |

| Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>*Attorneys for Plaintiff* | Tel: (305) 379-3686<br>Fax: (305) 379-3690<br>*Attorneys for Defendant Hatecke Service USA, LLC* |
|---|---|
| **Anthony P. Strasius, Esq.**<br>Florida Bar No.: 988715<br>Anthony.strasius@wilsonelser.com<br>**Steven C. Jones, Esq**.<br>Florida Bar No.: 107516<br>Steven.jones@wilsonelser.com<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>100 Southeast Second Street, Suite 3800<br>Miami, Florida 33131<br>Tel: (305) 374-4400<br>Fax: (305) 579-0261<br>*Attorneys for Defendant D-1 Davit International, Inc.* | **Curtis Mase, Esq.**<br>Florida Bar No.: 73928<br>cmase@maselaw.com<br>kfehr@maselaw.com<br>**Cameron W. Eubanks, Esq.**<br>Florida Bar No.: 85865<br>ceubanks@maselaw.com<br>rcoakley@maselaw.com<br>**Adam Finkel**<br>Florida Bar No.: 101505<br>afinkel@maselaw.com<br>MASE, MEBANE & BRIGGS<br>2601 S. Bayshore, Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0800<br>*Attorneys for Defendant NCL (Bahamas) Ltd.* |