UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-22923-CIV-GAYLES

JELEN CARPIO, as personal representative of
The estate of DIOGENES CARPIO, JR.,

      **Plaintiff,**

v.

NCL (BAHAMAS) LTD., D-I DAVIT
INTERNATIONAL, INC., HATECKE SERVICE
USA, LLC, and D-I DAVIT INTERNATIONAL-
HISCHE GMBH,

      **Defendants,**
_____/

**ORDER**

      **THIS CAUSE** comes before the Court on Plaintiff's Renewed Motion for Remand in Light of Court's Order January 1, 2019 [ECF No. 47]. The Court has reviewed the briefs, the record, and the applicable law. For the reasons that follow, the Motion shall be granted.

    **I.**      **BACKGROUND**

      Plaintiff, a Filipino citizen, brings this action on behalf of herself and as personal representative of the estate of her deceased husband, Diogenes Carpio, Jr., a Filipino citizen ("Decedent"). Decedent was a crewmember aboard NCL's vessel, the *Norwegian Breakaway* on July 20, 2016. [ECF No. 22] at ¶¶ 14-15. At that time, he was assigned to conduct and assist lifeboat drills. *Id.* During one such drill, Decedent was boarding a lifeboat on Deck 7 of the vessel when it detached from the vessel causing Decedent to fall approximately six stories into the water where he drowned. *Id.* at ¶¶ 16-17. The terms of Decedent's employment with NCL were governed by his Employment Agreement and a Collective Bargaining Agreement ("CBA"). *Id.* at ¶ 35. Each of

these agreements required that all claims brought by, or on behalf of, Decedent against NCL be submitted to binding arbitration in the Philippines. [ECF No. 38] at n.2.

Plaintiff brought her suit in state court. Defendant NCL (Bahamas) Ltd. removed the case to this Court citing original jurisdiction under 9 U.S.C. § 205, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and 28 U.S.C. § 1333(1), admiralty and maritime jurisdiction. [ECF No. 1]. NCL (Bahamas) Ltd. then filed a Motion to Dismiss and Compel Arbitration. [ECF No. 5]. There, Defendant argued that the action had never gone through arbitration, a prerequisite to filing any lawsuit over Decedent's death. On January 9, 2019, the Court agreed with NCL's position and sent the claim against NCL back to arbitration. [ECF No. 42].

This left the claims against Defendant D-I Davit International, Inc., ("Davit") who now opposes Plaintiff's Motion for Remand.[1] Davit asks the Court to stay this litigation pending the outcome of the arbitration and for the case to remain in this forum for convenience reasons. Davit does not dispute that the Court no longer has federal question jurisdiction. Davit's sole argument pertains to the convenience of continuing to litigate the case in federal court.

## II. DISCUSSION

Because there is no dispute that the Court no longer has jurisdiction over the remaining claims, the Court must determine whether it should exercise its discretion and keep the remaining claims based on the doctrine of supplemental jurisdiction. "The doctrine of supplemental jurisdiction . . . permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy and procedural convenience." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015). This doctrine, codified at 28

---

[1] Plaintiff's claim against Defendant Hatecke Service USA, LCC, was voluntarily dismissed on February 4, 2019. [ECF No. 44]. As of this date, it does not appear that Plaintiff has served Defendant D-I Davit International Hische gmbh.

U.S.C. § 1367, "grants federal courts the power to exercise jurisdiction over claims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Id.* at 531 (quoting 28 U.S.C. § 1367(a)).

While Section 1367 "mandates that district courts—at least initially—exercise jurisdiction over those supplemental claims that satisfy the case or controversy requirement," *id.*, district courts have the authority to dismiss state law claims if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction," 28 U.S.C. § 1367(c). *See also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims."). "Once any of these factors is satisfied, the district court possesses the discretion to dismiss supplemental claims and must 'weigh . . . at every stage of the litigation' whether to dismiss the supplemental claims" by considering "judicial economy, convenience, fairness, and comity." *Ameritox*, 803 F.3d at 532 (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). "The court may also consider 'whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.'" *Pinkert v. Schwade*, No. 11-23324-CIV, 2012 WL 3962386, at *1 (S.D. Fla. Sept. 10, 2012) (quoting *Lieu v. Sandy Sansing Cars, Inc.*, No. 3:07cv345/MCR/MD, 2007 WL 4287642, at *1 (N.D. Fla. Dec. 5, 2007)).

Plaintiff has moved to remand this case pursuant to 28 U.S.C. § 1367(c)(3) because the only claims over which this Court had original jurisdiction (the claims against NCL (Bahamas) Ltd.) have

been dismissed. The Eleventh Circuit favors dismissing state law claims under these circumstances. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." (citations omitted)); *accord Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). "Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). With the dismissal of the suit against NCL (Bahamas) Ltd., what remains here are only state law claims that are best addressed by the state Circuit Court. *See Pinkert*, 2012 WL 3962386, at *2 (remanding a case to state court where the plaintiff's amended complaint "consist[ed] entirely of state statutory and common law causes of action that would be more appropriate for a Florida court to resolve").

This litigation is still in its early stages. Although the case has been pending in this Court for approximately nine months, it is still within an early stage of litigation. Aside from rulings on NCL (Bahamas) Ltd.'s Motion to Dismiss [ECF No. 42] and ruling on the instant motion, the Court has otherwise not expended a significant amount of judicial labor and time in this case. And although the parties have begun to conduct discovery, no dispositive rulings have been made as to the claims in the Amended Complaint. Thus, remand at this stage of the proceedings would not require the state court to duplicate the efforts of this Court. *See Lake County v. NRG/Recovery Grp, Inc.*, 144 F. Supp. 2d 1316, 1321 (M.D. Fla. 2001).

4

In sum, the Court has considered the § 1367(c) factors of judicial economy, convenience, fairness, and comity, and concludes that it should exercise its discretion not to retain supplemental jurisdiction over the state law claims alleged in the Amended Complaint. As a result, remand is required. Accordingly, it is

**ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand [ECF No. 47] is **GRANTED**;

(2) this action is **REMANDED** in its entirety to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida;

(3) all pending motions are **DENIED** as moot; and

(4) this case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of April, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE